JOHN PRITZLAFF HARDWARE COMPANY, Respondent, vs. CARLSON and another, Appellants.

*January 29 — February 25, 1890.*

*Pleading: Settlement: What considered on demurrer.*

1. In an action on a promissory note the answer alleged that defendants had purchased goods from plaintiff from time to time under an agreement to pay therefor their wholesale value at E.; that they had paid a sum exceeding such value; that plaintiff claimed that defendants were indebted for an unpaid balance for said goods, and defendants, being in embarrassed circumstances, gave the note in suit in order to get an extension of the time of payment of the claim. *Held,* that under such allegations the note must be deemed to have been given in settlement of a disputed claim, and the answer therefore states neither a defense nor a valid counterclaim. '

2. On a demurrer to the answer the court cannot consider any preliminary proceedings in the action, but only the complaint and answer.

APPEAL from the Circuit Court for *Eau Claire* County. The case is stated in the opinion.

For the appellants the cause was submitted on the brief of *J. F. Ellis.*

For the respondent there was a brief by *Geo. C. & Fred. A. Teall,* and oral argument by *Fred. A. Teall.*

LYON, J. This action is upon a promissory note for $337.49 and interest, made by the defendants to one Syverson, and by him indorsed to the plaintiff corporation. Syverson is an accommodation indorser. The note bears date September 3, 1886, and was payable one year after date. The defendants answered the complaint, and the plaintiff interposed a general demurrer to the answer, which was sustained by the court. This appeal is by the defendants from the order sustaining the demurrer.

It was stated by the respective counsel that two answers have been served in the case, and there is a controversy between counsel as to which of these the demurrer applies to. We have no concern with this controversy. There is but one answer in the record, and this must necessarily be taken to be the one to which the demurrer was interposed.

It is unnecessary to set out the answer at length. The allegations therein contained are to the effect that the defendants purchased goods of the plaintiff from time to time between August, 1882, and June, 1886, under an agreement that they were to pay therefor the wholesale market value thereof at Eau Claire; that during such period they paid plaintiff, on account of such purchases, $11,844.12, but such wholesale market value of the goods at Eau Claire was only $11,572.53, being an overpayment of $271.59; and that the plaintiff claimed that the defendants were indebted to it for an unpaid balance due for the goods, and the defendants, being in embarrassed circumstances, gave the note in suit for the purpose of getting an extension of the time of payment of the claim. These alleged facts are pleaded as a defense to the action, and as the basis of a counterclaim for the $271.59. There is no charge of fraud or mistake on the part of the plaintiff in these transactions.

The allegations merely show that the plaintiff estimated the Eau Claire market value of its goods at too high figures. Had the defendants exercised any reasonable diligence, they must have known, and presumably did know, when they gave the note, that they had been overcharged. That was the time for them to assert their rights, by refusing to give the note for money they did not owe. It is a fair inference from the allegations of the answer that the note was given in settlement of a disputed claim; the facts out of which the contest arose all being known to or easily ascertainable by the defendants. Under such circumstances the settlement must stand and they be held liable on their

note, notwithstanding they deny that they ever received any consideration therefor.

For these reasons, the answer fails to state either a defense to the action, or a valid counterclaim against the plaintiff.

Counsel for the defendants contend that the effect of certain preliminary proceedings in the action is to establish the validity of the answer, and hence that the question of its validity is *res adjudicata* in the .case. The position is not well taken. On this demurrer we cannot consider anything but the complaint and answer, and they fail to show the proceedings referred to. *Magdeburg v. Uihlein*, 53 Wis. 165, and cases there cited. The order sustaining the demurrer to the answer must be affirmed.

*By the Court.*— Order affirmed.