THEODORE RUSSELL, complainant, *vs.* RUSSELL TURNER.

*Amendment after verdict, allowed. Pleading. Practice. R. S. c. 92.*

A complaint for flowage may be amended after verdict by the insertion of the words "on his own land," so that it may be alleged that the dam causing the injury complained of was erected upon the land of the defendant, if that was conceded to be the fact upon the trial of the cause.

ON EXCEPTIONS.

COMPLAINT for flowage under R. S., c. 92, entered at September term, 1868, and verdict rendered for the complainant at the January term, 1870. The defendant took exceptions which were overruled; 59 Maine, 256. At the September term, 1873, before interlocutory judgment for the appointment of commissioners, the complainant moved for leave to amend by inserting the words "on his own land" in his complaint, so that it should declare that the defendant's dam, occasioning the injury, was erected upon Mr. Turner's own land, averring that this fact was admitted and proved at the trial of the cause and not disputed.

Russell *v.* Turner.

The court allowed the amendment, and the defendant excepted.

*M. T. Ludden*, for the plaintiff.

*Frye, Cotton & White*, for the defendant.

APPLETON, C. J.    This is a complaint for flowage under R. S., c. 92, § 1, in which there is no allegation that the defendant owned the land on which the dam causing the flowage was erected.    It was held in *Jones v. Skinner*, 61 Maine, 25, that a complaint without such allegation was bad on demurrer.

But in the case at bar no demurrer was filed.    The cause proceeded to trial, and a verdict was rendered in favor of the complainant.    Exceptions were filed, which upon full consideration were overruled.    *Russell v. Turner*, 59 Maine, 256.    After all this, under leave of the court, the words, "on his own land" were inserted in the complaint by way of amendment. To the allowance of this amendment exceptions were taken.

We must presume that the instructions were in all respects correct; that none which the case required were withheld, and that every fact essential to the maintenance of the complaint was fully proved.    As the case has been rightly tried on its merits, the amendment was properly allowed, though after verdict.    The defendant has been neither surprised nor misled.    Had he been, he would long before this have brought the fact to the notice of the court.    The authorities are almost uniformly in favor of sustaining the propriety of the amendment.    *Cleaves v. Lord*, 3 Gray, 66; *East Boston Timber Co. v. Persons*, 2 Hill., 126; *Nichols v. Prince*, 8 Allen, 404; *Peck v. Waters*, 104 Mass., 345; *Banner v. Angier*, 2 Allen, 128.                    *Exceptions overruled.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.