## MAGDEBURG VS. UIHLEIN.

*October 1 — October 18, 1881.*

PLEADING. *(1) What is a frivolous pleading. (2, 3) What court considers on motion to strike out demurrer as frivolous.*

BAILMENT. *(4) Consideration for bailee's promise. (5) When bailee bound to deliver to some person other than bailor.*

1. A pleading should be held frivolous only where it is "manifestly untenable upon a bare inspection, without argument or research," or "indicates bad faith and trifling with the administration of justice," and is "interposed merely for delay."
2. On a motion to strike out as frivolous a demurrer to the complaint, the court may determine the sufficiency of the complaint as on argument of the demurrer itself.
3. On a demurrer, nothing can be considered but the pleading demurred to.
4. In case of a naked bailment, the bailor's surrender of possession upon the faith of the bailee's undertaking, is a sufficient *consideration*.
5. Where A.'s receipt for a package delivered to him by B. states that the package is indorsed "Property of X.," and that it is "to be delivered to the owner," and such receipt has been delivered to and accepted by X., and there is no evidence that B. ever countermanded the direction as to delivery, or claimed a right to do so, X., on refusal of the bailee to deliver the package to him in accordance with such direction, may maintain trover or replevin in the *detinet* therefor.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion.

For the appellant there was a brief by *Howard & Wall* and *Jenkins, Elliott & Winkler*, and oral argument by *Mr. Howard* and *Mr. Jenkins*.

For the respondent there was a brief by *Cotzhausen, Sylvester & Scheiber*, and oral argument by *Mr. Cotzhausen*.

ORTON, J. This is an appeal from an order striking out a general demurrer to the complaint as frivolous. The action is replevin in the *detinet*. We hesitate to say that the demurrer in this case is frivolous in the sense of being so groundless as to be "manifestly untenable upon a bare inspection

without argument or research," and as to indicate "bad faith and trifling with the administration of justice," and that "it was interposed merely for delay,"— the true criterion for so holding, laid down in *Farmers and Millers' Bank v. Sawyer*, 7 Wis., 383, and in other cases; and such hesitation alone is a sufficient reason for not so holding. But, nevertheless, on such a motion the court may consider the demurrer as alleging an error of pleading, and determine the sufficiency of the complaint as on the argument of the demurrer itself, the proper practice in such cases. *Diggle v. Boulden*, 48 Wis., 477; *Lerdall v. Charter Oak Life Ins. Co.*, 51 Wis., 426. The complaint alleges that the plaintiff is the owner of a certain envelope indorsed "Property of *F. H. Magdeburg* — valuable papers," the contents thereof being a certain certificate of deposit for the sum of $20,000; that on or about the 22d day of August, 1879, said envelope and certificate were left for safe-keeping with the above-named defendant, who well understood and knew the contents thereof, and who then and there receipted for the same as follows, viz.:

"MILWAUKEE, August 22, 1879.

"Received of W. H. Jacobs a certain envelope, said to contain valuable papers, indorsed 'Property of *F. H. Magdeburg* — valuable papers.' Said envelope and contents to be safely kept by me, and to be delivered to the owner, *F. H. Magdeburg*, or his legal heirs, executors or administrators, without default or defalcation, on September 1, 1880, unless sooner delivery be assented to in writing by the party from whom said envelope was received.

"AUGUSTUS UIHLEIN."

The complaint further alleges a demand for the possession of the envelope and contents by the plaintiff, and a refusal to deliver the same by the defendant, on the first day of September, 1880.

1. It is insisted by the learned counsel of the appellant, that the affidavit of the plaintiff for a delivery of the property

may be consulted, on demurrer to the complaint, as to any statements therein affecting the cause of action. It is elementary that on a demurrer nothing can be considered but the pleading demurred to. *Zœgel v. Kuster*, 51 Wis., 31; *Smith v. City of Janesville*, 52 Wis., 680; *Dalrymple v. City of Milwaukee*, reported in this volume.

2. That the contract or undertaking on the part of the defendant, in the receipt, to deliver the package to the plaintiff, was without consideration, and that therefore it cannot be enforced. Admitting what the learned counsel of the appellant claims, that this was a naked bailment of the package, and that the defendant was a bailee without reward, such a conclusion does not by any means follow. The consideration which gives validity to a gratuitous bailment is, that the bailor suffers disadvantage on the faith of the bailee's undertaking. The distinction is, that the gratuitous bailee can be pursued for not performing, or badly performing, the trust he has *undertaken*, but not for failing altogether to *accept* the trust and perform according to his *naked* promise. The bailor's surrender of possession upon the faith of the bailee's undertaking furnishes a sufficient contract consideration. Schouler on Bailments, 40, 41.

3. That the package was the property of Jacobs, the bailor, and the defendant, as bailee, was responsible to him alone, by virtue of that relation.

The complaint alleges that the package was the property of the plaintiff, and this allegation must be taken as true on the demurrer; and besides, the receipt contains the indorsement, "Property of *F. H. Magdeburg*," and the stipulation, "to be delivered *to the owner, F. H. Magdeburg*," etc. This ought to be sufficient to overcome the ordinary legal presumption that the subject of the bailment is the property of the bailor, and ample notice to the defendant that it was in fact the property of the plaintiff, and that he held it for the use of the plaintiff alone. It does not appear that Jacobs had any

interest in the package after its deposit with the defendant, or control over it, except that, for some unknown reason, he had the right by the terms of the receipt to assent in writing to its delivery before September 1, 1880, to the plaintiff; but it was to be delivered, at one time or the other, to the plaintiff, at all events.

4. As to the right of Jacobs, as the bailor, to countermand the delivery of the package to the plaintiff, or as to any dispute between Jacobs, the bailor, and the plaintiff, as adverse claimants, it is sufficient to say that it does not appear that Jacobs had any right to countermand the delivery, or that he has undertaken to do so, or that he disputes the plaintiff's claim of ownership or right to have it delivered to him according to the terms of the receipt.

The fifth and sixth objections may be considered together. that the plaintiff never assented to the terms of the receipt, and that there was no privity between Jacobs and the plaintiff. The plaintiff's being in possession of the receipt and demanding the package are sufficient proof of his assent; and, after accepting the receipt and assenting to it, and being the party named in it to whom delivery was to be made as the owner, then the *privity* between the three parties is as close as between the parties to an accepted bill of exchange. This is a common bailment, upon terms equivalent to special directions of the bailor to the bailee to deliver to a third person, and the bailee has refused to deliver on demand according to such directions. The liability of the bailee, in such a case, to such third person, either in trover or *detinet*, is clear and unquestionable, and this is a stronger case for the plaintiff, because he is the absolute owner of the property. Schouler on Bailments, 67, 68, 119, 121; Story on Bailments, § 103.

*By the Court.*— The order of the circuit court is affirmed.