81  389
96   37

THE WINNEBAGO FURNITURE MANUFACTURING COMPANY, Appellant, vs. THE WISCONSIN MIDLAND RAILROAD COMPANY, Respondent.

*February 5 — February 23, 1892.*

RAILROADS: CONDEMNATION OF LAND.   (*1*) *Sufficiency of petition.* (*2*) *Waiver of lack of jurisdiction.*   (*3*) *Constitutional law: Notice by publication.*

1. A petition by a railroad company for the appointment of commissioners of appraisal stated that the company had *established* and surveyed its road over the lands sought to be be acquired for its main line, and had actually staked out the center line of its proposed road over the lands *desired* for such railroad.  *Held,* that this was not a compliance with sec. 1846, R. S., which requires that the petition shall state " that the route of said road has been *located by its board of directors* upon the line so staked out, and that the real estate so described is *required* for the purpose of constructing and operating the proposed railroad."   The petition is insufficient, therefore, to give the court jurisdiction of the subject matter.

2. The owner of the land sought to be taken did not waive such lack of jurisdiction by appearing before the commissioners appointed on such petition, nor by appealing from their award.

3. Sec. 1846, R. S., providing that notice of the proceedings for the condemnation of land may be given by publication even to resident owners, is constitutional.

APPEAL from the Circuit Court for *Fond du Lac* County.

This is an appeal from an order appointing commissioners to assess damages for taking lands for right of way, and was made upon an amended petition of the railroad company, the original petition not being before this court.

The amended petition was signed by George P. Knowles, as attorney for the railroad company, and was properly verified by him.  It states that " the *Wisconsin Midland Railroad Company,* a railroad corporation duly organized and incorporated under and by virtue of the laws of the state of Wisconsin, hereby prays and petitions for the ap-

pointment of commissioners of appraisal by said circuit court of the county of Fond du Lac, or the judge thereof, in which the real estate hereinafter described is situated, and which is desired for the main track and for depot purposes of said railroad company, running through the city of Fond du Lac; . . . that it is the intention of the company in good faith to construct a railroad authorized by its charter and running through the city of Fond du Lac; that it has established and surveyed its route over the lands sought to be acquired for its main line, and has actually staked out its center line of its proposed road over the lands *desired* for such railroad, as represented and portrayed upon the map hereto attached and made a part of this petition; that the following is a description of the lands across which said line has been so established and staked out, etc. [giving the description of the lands by lots and blocks, with the names of the owners thereof], taking a strip of land fifteen feet in width on each side of said center line, and five hundred and seventy feet long; that said petitioner has obtained the consent of all the other owners of property, except as above described, upon which to run their main line of their railroad, by mutual consent and purchase; that the above-described lands are the only lands upon which to fix compensation as provided by law."

The circuit court, at a special term, appointed three commissioners as prayed, and fixed the time for their first meeting. Afterwards the commissioners met and made an award to the appellant of $3,300, as its damages sustained by reason of the taking of its lands for the use of the railroad company. After the filing of the award, the appellant appealed therefrom to the circuit court of Fond du Lac county, which appeal is still pending in that court, and thereafter appealed to this court from the order appointing said commissioners. A motion is made to dismiss the appeal to this court, on the ground that the appeal so taken by the *Win-*

*nebago Furniture Manufacturing Company* from the award of damages to the circuit court is a waiver of its right to appeal to this court from the order appointing commissioners, and that it was thereby estopped from contesting the right of the company to take the lands in question.

Some question was made in this court as to the sufficiency of the description of the premises in the petition for the appointment of commissioners, and some criticisms of the petition were made, but, as they are not material to the decision of the court, and may be obviated on further proceedings, it is not necessary to mention them. It was objected that the notice of application for appointment of commissioners must be served personally or by leaving a copy at the usual place of abode of the party served, if a resident of the state, and as to such persons notice by publication only, as given in this case, is not authorized and was not sufficient to give the court or circuit judge jurisdiction.

For the appellant there were briefs by *Cate, Jones & Sanborn*, attorneys, and *Colman & Sutherland*, of counsel, and the cause was argued orally by *Elihu Colman*.

For the respondent there were briefs by *George P. Knowles* and *C. H. Van Alstine*, of counsel, and oral argument by *Mr. Van Alstine*. They contended, *inter alia*, that the appellant, having appeared generally and gone to trial on the merits, waived all formal objections to the petition. Lewis, Em. Dom. sec. 362. The petition may be amended by adding allegations essential to give jurisdiction. Lewis, Em. Dom. sec. 361; *Hunt v. N. Y., C. & St. L. R. Co.* 99 Ind. 593; *Coolman v. Fleming*, 82 id. 117; *Jackson v. Ashton*, 10 Pet. 480; *Pennsylvania R. Co. v. Porter*, 29 Pa. St. 165; *Bowman v. V. & C. R. Co.* 102 Ill. 459. If the order is reversed for insufficiency of the petition it should be remanded with directions to permit an amendment. *Midland R. Co. v. Smith*, 109 Ind. 488; *S. C.* 44 Am. & Eng. R. Cas. 222.

PINNEY, J.  1. The statute (sec. 1846, S. & B. Ann. Stats.) under which this proceeding was instituted provides that the petition of the corporation seeking to take lands for its use, "if such real estate is desired for the main line of the railroad, or in part for the main line and in part for station or building grounds, yards, or other purposes, shall *state*," among other things, "that the route of said road has been *located by its board of directors* upon the line so staked out, and that the real estate so described is *required* for the purpose of constructing and operating the proposed railroad."

The petition does not state that the route of the railroad of the petitioner has been located by its board of directors upon the line in question, and does not state that the real estate in question is *required* for the purpose of constructing and operating the proposed railroad.  It is said that the company has *established* and surveyed its road over the lands sought to be acquired for its main line, and has actually staked out the center line of its proposed road over the lands *desired* for such railroad.  It was stated by counsel that the original petition contained these averments, and that by inadvertence they have been omitted from the amended petition which took the place of the original.

The statute is a very plain one, and its requirement that the petition shall *state* these facts is absolute.  In order that the court or circuit judge shall acquire jurisdiction to make the order appealed from, it is an indispensable prerequisite that a sufficient petition shall first be filed, and that notice of the time and place of its hearing be given according to law, for in no other way can jurisdiction of the subject matter and of the parties be acquired.  While jurisdiction of the person may be waived by the acts of the parties, want of jurisdiction of the *subject matter* is never thus waived, and the participation of the appellant at the hearing at the time for the appointment of commissioners, and appearing before them at the assessment or appraisal

of the damages, and appealing from the award, is not a waiver of the want of jurisdiction, and will not estop the appellant from claiming that its lands have not been lawfully taken. The case of *Damp v. Dane*, 29 Wis. 419, is clear and decisive upon this question. *State ex rel. McCurdy v. Tappan*, 29 Wis. 685, 686; *Canfield v. Smith*, 34 Wis. 387; *Mathie v. McIntosh*, 40 Wis. 123; *Ruhland v. Hazel Green*, 55 Wis. 668–672.

Jurisdiction is thus defined: "The power to hear and determine a cause is jurisdiction. It is *coram judice* whenever a case is presented which brings this power into action. If the petitioner presents such a case in his petition that on a demurrer the court would render a judgment in his favor, it is an undoubted case of jurisdiction; whether, on an answer denying and putting in issue the allegations of the petition, the petitioner makes out his case, is the exercise of jurisdiction, conferred by the filing a petition containing all the requisites, and in the manner required by law." *Grignon's Lessee v. Astor*, 2 How. 338; *U. S. v. Arredondo*, 6 Pet. 709. Tested by these principles, the amended petition is fatally defective, and it follows, as a necessary conclusion, that the order appealed from cannot be sustained. This conclusion is amply sustained by adjudicated cases in other states. *Clay v. Pennoyer Creek Imp. Co.* 34 Mich. 207; *Fox v. Holcomb*, 34 Mich. 300; *Chicago & Mich. L. S. R. Co. v. Sanford*, 23 Mich. 418; *Smith v. C. & W. I. R. Co.* 105 Ill. 511–517.

For these reasons the respondent's motion to dismiss the appeal must be denied. Appearance before the commissioners, and taking an appeal to the circuit court from their award, did not waive the jurisdictional defects as to the subject matter in the proceedings.

2. The question whether sec. 1846, R. S., is constitutional, for the reason that it provides for giving notice of the time and place of hearing the petition to resident land-own-

ers by publication instead of by personal service, was argued
by counsel. The statute provides that notice "may be
served personally or at the last and usual abode of such
owners and parties interested, not less than five days be-
fore such hearing, or by publication in some newspaper to
be designated by said court or judge, not less than ten days
before the date fixed for the hearing of such petition." The
statute undoubtedly gives the petitioner the right to give
notice in either of the methods specified, and by publica-
tion on resident as well as nonresident owners, in case the
court or a judge thereof shall so provide in the order.
There is no constitutional requirement that we are aware
of which prevents notice from being given by publication.
Mr. Lewis, in his work on Eminent Domain, sec. 367, says:
"In regard to the kind of notice which will satisfy the re-
quirements of the constitution in proceedings to take land
for public use, the authorities almost universally hold that
notice by publication or by posting is sufficient, even with
respect to persons residing within the jurisdiction where
the proceedings are pending;" and there cites a great
number of cases to that effect. In *Seifert v. Brooks*, 34
Wis. 443, no notice whatever was provided for by the act,
but that case, as well as *State ex rel. Flint v. Fond du Lac*,
42 Wis. 287, were both cases of proceedings by a *municipal*
corporation to take lands for public use, and substituted
service on resident owners was held insufficient because
the constitution (art. XI, sec. 2) provides: "No municipal
corporation shall take private property for public use,
against the consent of the owner, without the necessity
thereof being first established by the verdict of a jury." In
the case of lands required for the main line of a railway
company, in *Wisconsin Cent. R. Co. v. Cornell University*,
52 Wis. 540, 541, it is said that "the legislature have evi-
dently determined for themselves the necessity of taking
100 feet for a proposed right of way. As to the 100 feet,

the legislature have obviated proof of the necessity, or, rather, have furnished a conclusive presumption of it, by a legislative *fiat*." The proceedings in such a case as this are no doubt amendable, but, as new notice will have to be given, it will probably be desirable to commence *de novo*.

*By the Court.*— The respondent's motion to dismiss the appeal is denied, and the order appealed from is reversed, and the cause is remanded to the circuit court for further proceedings according to law.