Chicago, Milwaukee & St. Paul R. Co. vs. Richardson and others.

tended to validate legally laid out public highways notwithstanding any mere irregularities in laying out the same, provided they were so opened and worked within the three years mentioned; and the other was intended to vacate any public highway, notwithstanding it had been legally laid out, provided no part of it had been opened and worked within the four years mentioned. The view we have taken of the evidence, as already expressed, makes it obvious that ch. 221, Laws of 1861, is not applicable, and therefore does not operate to bar this action.

*By the Court.*— The judgment of the circuit court is affirmed.

CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent, vs. RICHARDSON and others, Appellants.

*September 26 — October 17, 1893.*

*Railroads: Condemnation of land on which spur track has been constructed: Pleading: Necessity: Acquiescence in taking: Manufacturing plant or water power.*

1. In a proceeding by a railway company, under sec. 1852, R. S., to condemn land on which a spur track has been constructed and has been in use for two years, the petition need not allege that "it is the intention of the corporation, in good faith," to use the land for the purpose of operating its road, as is required by sec. 1846, in a case where the track has not been constructed.

2. Where the land sought to be taken is a strip but eighteen feet wide, and the track runs through the center of such strip and has been in use more than two years, these facts show *prima facie* the necessity of taking the lands. [Whether it is incumbent on the company to show the necessity in the first instance, not determined.]

3. Where the owners of land assented to and acquiesced in the laying of a spur track thereon, the right to condemn the land therefor is perfect without proving a necessity for the taking; and they will not be heard to deny such right on the ground that the land taken is a part of a manufacturing plant or a water power.

APPEAL from the Circuit Court for *Rock* County.

This is a condemnation proceeding instituted December 30, 1892, by respondent company, under sec. 1852, R. S., to acquire title to a strip of land across appellants' lots, in Janesville, upon which respondent built a spur track in the year 1890, and has ever since operated the same. This spur track was built to reach certain mills and manufacturing institutions in Janesville, and was authorized by the provision of ch. 276, Laws of 1883 (S. & B. Ann. Stats. sec. 1831*a*). Appellants' land is partly on the bank and partly under water in the bed of Rock river, and there is a manufacturing establishment thereon. The spur track runs across one corner of the property on the bank, and across a flume or canal which conveys water to appellants' factory from the Janesville dam, and then runs across Rock river. to a number of mills on the opposite side.

The petition alleges the incorporation of the respondent company, the construction of the spur track in 1890, and its purpose and location, and that the strip of land sought to be condemned, viz., nine feet on each side of the center line of its track upon the bank, and eighteen feet on each side in the bed of the river, is required for the purposes of the branch or spur track, subject to the rights of all persons entitled to use the water power. The ownership of the land by the appellants is alleged, and the appointment of commissioners is prayed for. Upon the hearing, the appellants appeared and answered, admitting the incorporation of respondent, the construction of the spur track in 1890, and the operation thereof ever since, and their ownership of the land sought to be condemned, and denying everything not specifically admitted. The answer also alleged that the spur track was built without the consent of appellants.

No testimony was offered on either side, and the court, upon the petition and answer, made an order, dated Feb-

ruary 4, 1893, that the respondent company was entitled to a right of way as prayed for, and appointing commissioners to appraise the damages. This order also contained very complete provisions for the preservation of the flume and water power, and the rights of all persons entitled to use the same. On the 24th of February, 1893, appellants moved to vacate the order of February 4th upon affidavits showing that the railway company had given no evidence in support of its petition for condemnation, and that the land sought to be taken was part of a manufacturing plant, the taking of which would be a great injury to the rest of the plant and to the appellants. On this motion the respondent read a large number of affidavits showing that the appellants consented to and acquiesced in the laying of the track on their lots, and that the land proposed to be taken was absolutely necessary for the track. The motion was denied, and from the order of condemnation, and the order refusing to vacate the same, this appeal is taken.

*H. P. Richardson*, for the appellants, contended, *inter alia*, that the railway company cannot condemn a right 'of way through a manufacturing plant for a side track to mills and factories. At common law a public highway could not be laid out through a house or building or the adjacent yard, without the consent of the owner; and this is declared by the statutes of this state. 4 Bac. Abr. 670; 1 Russell, Crimes, 339, 353, 472; 3 Burn's Justice, 551; 3 Comyn's Digest, 45, 46; *Hughes v. Trustees of Morden College*, 1 Ves. Sr. 188; Gould, Waters, secs. 21, 609; *Compton v. Susquehanna R. Co.* 3 Bland, Ch. 386–9; 1 Hawkins, P. C. ch. 32; *Clark v. Phelps*, 4 Cow. 204; *Ex parte Clapper*, 3 Hill, 460; *Albany N. R. Co. v. Brownell*, 24 N. Y. 352; *Mohawk & H. R. Co. v. Artcher*, 6 Paige, 86; *Starr v. Trustees*, 6 Wend. 566; *Flanders v. Wood*, 24 Wis. 572; *Seymour v. State*, 19 id. 242; R. S. secs. 1263, 1347, 1872, 1875, 895, 1359, 3375. A railroad is a public highway. *Olcott v.*

*Supervisors*, 16 Wall. 678. A house or manufactory includes the yard or ground attached to it and used in connection therewith, within the meaning of this exception in the license to exercise the power of eminent domain. *Sparrow v. O., W. & W. R. Co.* 2 De Gex, M. & G. 101; *Swift & Given's Appeal*, 111 Pa. St. 516; *Grosvenor v. H. J. R. Co.* 1 De Gex & J. 453; *Furniss v. Midland R. Co.* L. R. 6 Eq. Cas. 473; *Ferguson v. London, B. & S. C. R. Co.* 3 De Gex, J. & S. 658, 659; *Spackman v. G. W. R. Co.* 1 Jur. N. S. 790; *Governors v. Charing C. R. Co.* 1 Johns & H. 400; *Pinchin v. L. & B. R. Co.* 5 De G., M. & G. 851; *Cole v. W. L. & C. P. R. Co.* 27 Beav. 245; *Alexander v. C. P. R. Co.* 30 id. 559; *King v. Wycombe R. Co.* 28 id. 104; *State v. Troth*, 36 N. J. Law, 422; Lewis, Em. Dom. sec. 284, p. 375; *Smith v. Martin*, 3 Saunders, 401; Co. Litt. 56*a*, 56*b*. Although an exception exists to this common-law rule in favor of the main line of a railroad, it has never been and should not be extended to a side track, and the burden of proving such extension is on petitioner. The side tracks are more feeders for the profit of the main line than to accommodate the public. *Chicago & E. I. R. Co. v. Wiltse*, 116 Ill. 449. The public must need to use the land to take it. It has been often held that no condemnation lies by a railroad company for a track to one factory. *Pittsburgh & W. R. Co. v. Benwood I. Works*, 31 W. Va. 710; *Matter of R., H. & L. R. Co.* 110 N. Y. 126, 127; *Re Niagara F. & W. R. Co.* 108 id. 380. Perhaps it might be urged here that the four or five factories or mills, which petitioner's map show are all that desire this side track, do not even make up a "public." Under all circumstances it would seem at least matter of doubt. *Att'y Gen. v. Eau Claire*, 37 Wis. 436, 437. *A fortiori* a right of way for a side track cannot be condemned through a manufactory when the side track is for other mills and factories, because such side track to mills and factories is a *cul de sac*.

The railroad company must prove the necessity for the taking. *Wis. Cent. R. Co. v. Kneale*, 79 Wis. 89; *Wis. Cent. R. Co. v. Cornell Univ.* 52 id. 537; Sutherland, Stat. Const. sec. 387, p. 496. R. S. sec. 1831*a* says the railway company may take land for "*necessary* roadways and rights of way." The word "necessary" means, not convenient, but indispensable. *Greenwich v. E. & A. R. Co.* 24 N. J. Eq. 217; *Sharon R. Co. Appeal*, 122 Pa. St. 533.

For the respondent there was a brief by *John T. Fish* and *Jackson & Jackson*, and oral argument by *A. A. Jackson*. They argued, among other things, that when a railway company has entered upon lands with the consent of the owners, and constructed its railway and put the same in operation, their only remedy against the company is to have their compensation and damages assessed. *Sherman v. M., L. S. & W. R. Co.* 40 Wis. 651; *Hanlin v. C. & N. W. R. Co.* 61 id. 522; *Milwaukee & N. R. Co. v. Stranges* 63 id. 183; *Taylor v. C., M. & St. P. R. Co.* id. 327; *Cassidy v. C. & N. W. R. Co.* 70 id. 440; *Midland R. Co. v. Smith*, 113 Ind. 233; *Indiana, B. & W. R. Co. v. Smith*, id. 308; *Bravard v. C., H. & I. R. Co.* 115 id. 1; *Louisville, N. A. & C. R. Co. v. Soltweddle*, 116 id. 257; *Louisville, N. A. & C. R. Co. v. Beck*, 119 id. 124. The statutes (S. & B. Ann. Stats. secs. 1828, 1831*a*) nowhere provide that a branch track shall not cross a manufacturing plant. They do not make the rights of the owners of a manufacturing plant any more sacred than the rights of other landowners. All classes of property, that which is used for manufacturing purposes as well as that not so used, is subject to the exercise of the right of eminent domain. *New York, H. & N. R. Co. v. B., H. & E. R. Co.* 36 Conn. 196, 198; *Smith v. Gould*, 59 Wis. 631–643; *Eastern R. Co. v. B. & M. R. Co.* 111 Mass. 125; *Central B. Corp. v. Lowell*, 4 Gray, 481; *Turnpike Co. v. V. C. R. Co.* 21 Vt. 590; *People v. Smith*, 21 N. Y. 598; *N. Y. C. & H. R. R. Co. v.*

*Gas Co.* 63 id. 333, 334; *West River B. Co. v. Dix,* 6 How. 533, 534; *Boston W. P. Co. v. B. & W. R. Co.* 23 Pick. 360; *Hazen v. Essex Co.* 12 Cush. 475.

WINSLOW, J.   Sec. 1852, R. S., provides that: "In any case when a railroad corporation shall not have acquired title to the lands upon which they shall have constructed their roadbed or track, or *any part thereof,* . . . the corporation may proceed to acquire or perfect such title in the manner hereinbefore provided." The manner hereinbefore provided is that laid down in sec. 1846 and the following sections.   From the statements in the petition and admissions in the answer, it appears that the railroad company constructed its branch track upon the lands sought to be condemned in the year 1890, and has continuously operated the same ever since.   There can be no question, therefore, of its right to commence these proceedings under sec. 1852, above cited.   It is objected, however, that the petition does not comply with the statute because it does not allege that " it is the intention of the corporation, in good faith," to use the land for the purpose of operating the road.   It is true that such an allegation is required by sec. 1846, in a case where the railroad is only projected and not yet built; but when the road has been actually built upon the land, and has been in use more than two years, we think these allegations amply sufficient.   Good faith could hardly be asserted more unequivocally than by these facts. ·

It is objected, further, that the railroad company did not, in the first instance, offer any evidence to show the necessity of taking the lands sought to be taken.   The strip sought to be taken is but eighteen feet wide across that part of appellants' land upon the bank of the river.   The petition and answer show that the track runs in the center of this strip, and has been in use more than two years.   These facts, alone, furnish a good *prima facie* case of neces-

sity, if it was in fact incumbent on the railroad company to prove necessity in the first instance,— a point not here decided. Furthermore, it appears that the appellants appeared at the hearing of the original petition, and suggested the names of commissioners of appraisal to be appointed, and that one of the names so suggested was accepted by the circuit judge. It also appears that, upon the hearing of the motion to vacate, proof was submitted by the railroad company to show the necessity of the taking of these lands. Again, if it should be said that in an ordinary case the necessity must be shown in the first instance by the railroad company, there was ample and uncontradicted proof, upon the motion to vacate, showing that appellants practically assented to the laying of the track in the place where it was laid, and acquiesced therein. If this was true, the right to condemnation was perfect without proving necessity. In fact, it was the only resource left to the property owner. *Hanlin v. C. & N. W. R. Co.* 61 Wis. 515. We conclude that there is no merit in the objection.

The appellants further claim that a railroad company cannot condemn a part of a manufacturing plant or a water power for the purpose of a branch or side track. They practically admit that such property may be condemned for the main track, but attempt to draw a distinction between the power of condemnation for the main line and for a side track. We have found no such distinction in our statute; but it is enough to say here that the consent and acquiescence which were so amply proven conclude the appellants upon the point.

*By the Court.*— Orders affirmed.