436    SUPREME COURT OF WISCONSIN.    [APR.

Milwaukee L., H. & T. Co. v. Burlington E. L. & P. Co. 142 Wis. 436.

MILWAUKEE LIGHT, HEAT & TRACTION COMPANY, Respond-
ent, vs. BURLINGTON ELECTRIC LIGHT & POWER COM-
PANY, Appellant.

*March 16—April 5, 1910.*

*Electric railways: Condemnation of land: Franchise to use streets:
Pleading: Appeal: Presumptions: Necessity of taking: Rights of
abutting owners in streets: Conditions precedent: Jurisdiction:
Waiver of right to maintain appeal.*

1. Where the petition in proceedings to condemn land for an elec-
tric railway states that "reference is hereby made" to a certain
franchise granted by a city "to the same effect as though a cer-
tified copy were hereto annexed and made part hereof," and the
record contains a certified copy of a franchise which both par-
ties treated as the one referred to, the supreme court may, on
appeal, ignore the informality in the pleading and consider the
case as if the franchise were made a part of the petition.

2. Where a franchise granting the use of a street to an electric rail-
way company required only that the track approximate the cen-
ter of the street as near as practicable, with exception in favor
of switches, turnouts, or side tracks which might be controlled
by certain city officials, a construction of the road might be ap-
proved which would render reasonably necessary the taking of
land abutting on the street; and on appeal from an order of the
circuit court declaring the necessity of such taking, it will be
presumed, in the absence of any bill of exceptions, that approval
of such a construction was shown to the satisfaction of the
court.

3. In proceedings to condemn land for an electric railway, failure of
the petition to show the ability of the company to reach that
particular point in its road does not render the petition insuffi-
cient.

4. A franchise granting the use of a city street is a condition prece-
dent to the right of an electric railway company to condemn the
rights of abutting owners in such street, and to the jurisdiction
of the court to grant such condemnation.

5. A franchise granting merely the right to cross a street within the
limits of another street cannot be deemed a permission to oc-
cupy any part of the first-mentioned street not within the cross-
ing.

6. The fact that in proceedings to condemn land for a railway the owner joined in the litigation before the commissioners under an order declaring the necessity of the taking and appointing such commissioners, and has appealed from their award, does not prevent his maintaining an appeal from a portion of such order which was in excess of the court's jurisdiction over the subject matter.

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Modified and affirmed.*

The plaintiff, having obtained the necessary preliminary authorization from the Railroad Commission for the construction of a road passing through the city of Burlington, filed its petition, alleging the survey and staking out of its road, the necessity of running its line upon certain streets and highways in said city, entitling persons named in the petition to damages for the injury; also the necessity for taking certain sundry parcels of land, including a triangular piece of a certain lot 8 in block 10, lying in the southeast corner of said lot, and extending seventeen feet on the east line and thirty-two feet on the south line, according to a map attached. The petition also alleged that the city of Burlington had granted a franchise to use certain streets, which franchise was not quoted in, or by copy annexed to, the petition, but that document referred to the franchise in the following words: "To which reference is hereby made, to the same effect as though a certified copy were hereto annexed and made part hereof." There is contained in the record a certified copy of a franchise which both parties treat as the one referred to in the petition.

It appears that the appellant owns lots 6, 7, and 8 in block 10, which lie at the northwest intersection of Fox street running east and west and Second street running north and south. The franchise authorized respondent to enter Fox street east of Second street and to run along Fox street past the appellant's said premises, crossing Second street within

the limits of Fox street.   The surveyed line, according to the map attached to the petition, ran diagonally across private property to the east line of Second street, entering that street about twenty feet north of Fox street and running diagonally across it to the southeast corner of appellant's land in

block 10, thence diagonally southwestward along Fox street. The petition contained prayer for condemnation of the rights of appellant within the streets traversed by the surveyed line, also of the said triangular parcel in lot 8.   The application was opposed by the respondent, and after trial was granted and the usual order made on April 3, 1909, declaring the necessity of said lands for plaintiff's purposes and appointing commissioners, from which order defendant took an appeal May 8, 1909.   Those commissioners made an award to

the defendant, from which it appealed May 8, 1909. The disposition of the appeal in the circuit court is not disclosed by the record.

For the appellant there was a brief signed by *George W. Waller,* attorney, and *John B. Simmons,* of counsel, and oral argument by *Mr. Waller.*

For the respondent there was a brief by *Louis H. Rohr,* attorney, and *Clarke M. Rosecrantz,* of counsel, and oral argument by *Mr. Rosecrantz.*

Dodge, J.   The appeal from this order can raise no question except the sufficiency of the petition to support it. There is no bill of exceptions, and therefore a necessary presumption arises that all facts which might have been proved under the petition have been so proved as to support the order.   Some doubt is entertained whether we ought to consider the copy of the franchise in the record, instead of presuming that under this petition was introduced in evidence a franchise justifying the order entered.   We have concluded, however, by reason of the peculiar phrasing of the petition quoted in the statement of facts substantially consenting that a franchise existing on the public records of the city might be referred to with the same effect as if set forth by copy, that we may ignore the informality of the pleading and consider the case on appeal as if the franchise which we find in the record had been so attached.   No defects in the petition are suggested to defeat jurisdiction of the court, except that it does not show a franchise from the city council of Burlington to use any part of Second street north of Fox street nor to run along Fox street upon the surveyed line.   By virtue of sec. 1863*a,* Stats. (Supp. 1906), street or electric railway corporations are given all the rights of condemnation of private property conferred upon commercial railway corporations by the statutes (sec. 1846, Stats. 1898), with some modifications not here material.   This petition contains, as we

have said, all the elements essential under sec. 1846 to give the court jurisdiction to appoint commissioners for such condemnation of all private property required. *Winnebago F. Mfg. Co. v. Wis. M. R. Co.* 81 Wis. 389, 51 N. W. 576; *In re Milwaukee Southern R. Co.* 124 Wis. 490, 102 N. W. 401. Whether or not the private property of the appellant authorized to be condemned by the order is required for the purposes of the railroad is a question of fact (sec. 1847, Stats. 1898; *Chicago, M. & St. P. R. Co. v. Richardson,* 86 Wis. 154, 56 N. W. 741; *Chicago, St. P., M. & O. R. Co. v. Bayfield Co.* 87 Wis. 188, 194, 58 N. W. 245), which it must be presumed the court has resolved upon sufficient evidence. The argument of the appellant is that the franchise did not prescribe such a course for the railroad as that its land taken could be necessary. This is by no means clear, for even if the railroad ran according to the course indicated by the franchise, conditions are conceivable such as to make this triangular piece of land necessary to safe and easy construction and operation of the railroad, and it is all within the 100 feet of right of way authorized by sec. 1863a, Stats. (Supp. 1906), even upon the most limited construction of the franchise, namely, that of a single track in the center of Fox street. However, the franchise is not so limited. It only requires that the track approximate the center as near as practicable, and with exception in favor of switches, turnouts, or side tracks, which may be controlled by certain city officials. If any construction of the road could be approved such as to render this triangular piece of appellant's lot reasonably necessary, presumably such approval was proved to the satisfaction of the trial court. No failure of the petition to show the ability of the company to reach this particular point in its road is fatal to the petition. *In re Milwaukee Southern R. Co.* 124 Wis. 490, 498, 102 N. W. 401. For these reasons we cannot hold that any error was committed in ordering condemnation of the portion of appellant's premises outside the streets.

When we approach that portion of the order which authorizes the condemnation of the appellant's rights in that part of Second street north of Fox street we are confronted, however, with a different situation. The power of the railway to condemn such rights within a street or other public place is by sec. 1863a conditioned upon the existence of a franchise granting the use of such street. This is a condition precedent, and goes to the very jurisdiction both of the corporation to seek condemnation of streets and of the court to grant it. *Beloit, D. L. & J. R. Co. v. Macloon,* 136 Wis. 218, 116 N. W. 897. We cannot, even by the most liberal construction of a franchise authorizing the mere crossing of Second street within the limits of Fox street, deem it a permission to occupy some other part of Second street not within the crossing. We are convinced that the respondent failed to show the existence of this condition precedent, and that the portion of the order relating to Second street north of Fox street in front of the appellant's premises is not only erroneous, but beyond any jurisdiction aroused in the circuit court by this petition.

Respondent's contention that the appellant cannot maintain an appeal from this order after he has joined in the litigation before the commissioners under it and has appealed from their award in an effort to increase it cannot be sustained with reference to that portion of the order which is held to be in excess of the court's jurisdiction over the subject matter. *Winnebago F. Mfg. Co. v. Wis. M. R. Co.* 81 Wis. 389, 51 N. W. 576.

*By the Court.*—The order appealed from is modified by striking out all portions thereof relating to that part of Second street in the city of Burlington lying north of the north line of Fox street, and as so modified is affirmed. Appellant to recover costs in this court.