UNION MANUFACTURING COMPANY, Respondent, vs. SPIES
and others, Appellants.

*September 21—October 16, 1923.*

*Eminent domain: Construction of statutes: Of pleadings: Amend-
ment allowed orally.*

1. Statutes in derogation of the common law authorizing the com-
   pulsory taking of private property for public use are to be
   strictly construed; and the same rule applies to pleadings
   instituting proceedings for that purpose.
2. The petition of a corporation instituting proceedings to con-
   demn land for flowage purposes did not state that the property
   described was required for the purposes of such corporation
   and that it was the corporation's intention in good faith to
   use it therefor, as required by sec. 32.04, Stats. Commis-
   sioners were appointed, who appraised the property and made
   an award. On the hearing of an order to show cause why the
   proceedings should not be set aside, taken after the time to
   appeal from the award had expired, the court had authority
   to allow the corporation to amend the petition so as to com-
   ply with such statute, under sec. 32.17.
3. While it may not be a practice to be commended, during a
   trial an amendment to a pleading may be allowed orally.

APPEAL from an order of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *J. P. Frank* of Ap-
pleton and *Classon & O'Kelliher* of Oconto, attorneys, and
*James H. McGillan* of Green Bay, of counsel, and oral argu-
ment by *D. G. Classon.*

For the respondent there was a brief by *Lehner & Lehner*
of Oconto Falls and *Albert S. Larson* of Shawano, and oral
argument by *Mr. Larson.*

JONES, J. This is an appeal from an order of the circuit
court allowing the amendment of a petition in a condem-
nation proceeding.

Appellants obtained an order to show cause why certain

condemnation proceedings should not be set aside because of lack of jurisdiction of the court.

In November, 1919, the *Union Manufacturing Company* started proceedings to condemn land of the appellants for flowage purposes. Thereafter, in December, by stipulation of the parties, the petition of the company was granted and the court appointed commissioners who appraised the land and made their award. The time within which an appeal from the award might be taken expired on December 5, 1921. In June, 1922, the appellants sought an extension of the time, which was refused. The present order to show cause was obtained in October, 1922.

Ch. 571, Laws 1919 (sec. 32.04, Stats.), in force at the time the petition was filed, provided that in proceedings of that nature the petition should state the purpose for which the property is intended to be used, and, in case the petition was made by a corporation, "that the property described is required for the purposes of such corporation, and that it is the intention of the corporation in good faith to use it therefor."

It was admitted by counsel for the company that the petition did not contain these allegations in the words of the statute existing when the petition was filed.

At the hearing on the order to show cause there were introduced in evidence two affidavits signed by the attorneys who represented the company during the condemnation proceedings. The substance of these affidavits was that before the cases were called the attention of affiants was directed to the fact that the petition did not contain certain allegations required by the new law; that at the hearing of the cases one of the affiants asked permission of the court to amend the petition and the request was granted; that affiants were unable to remember the wording of the amendment but knew that it was with reference to supplying the omitted allegations required by ch. 571 of the Laws of 1919.

A certified copy of the minutes of the clerk of the circuit

court was introduced in evidence. It contained the following statement: "Attorney J. R. North asks permission to amend petition."

The court found that the petition had been orally amended at the hearing in December, 1920, and ordered that the motion to set aside the proceedings be denied. It was further ordered:

"That the petition in this proceeding be and the same is amended *nunc pro tunc* as of the 29th day of December, 1920, pursuant to the terms of section 32.17 of the Wisconsin Statutes, by adding thereto the following allegation:

"That the lands described in Exhibit A are required and intended to be used for the purpose of the corporation, to wit, for flowage, and that the petitioner intends in good faith to use said lands therefor."

Sec. 32.17, Stats., provides:

"The court may at any time amend any defect or informality in any of the proceedings authorized by this chapter and may cause new parties to be added and direct such notice to be given to any party of interest as it deems proper and appoint other commissioners to fill any vacancies which may occur."

Appellants claim that since the petition failed to make certain averments prescribed by the statute then in force the court acquired no jurisdiction of the subject matter and that there could be no waiver of such jurisdiction, and no estoppel, and no amendment to cure the defect; that the petitioner's only remedy was to file a new petition alleging the jurisdictional facts. They particularly rely on *Winnebago F. M. Co. v. Wisconsin M. R. Co.* 81 Wis. 389, 51 N. W. 576, in which a proceeding was commenced under a condemnation statute. In this case the petition failed to make some of the necessary allegations, and the court said (p. 392):

"The statute is a very plain one, and its requirement that the petition shall *state* these facts is absolute. In order that the court or circuit judge shall acquire jurisdiction to make

the order appealed from, it is an indispensable prerequisite that a sufficient petition shall first be filed, and that notice of the time and place of its hearing be given according to law, for in no other way can jurisdiction of the subject matter and of the parties be acquired. While jurisdiction of the person may be waived by the acts of the parties, want of jurisdiction of the *subject matter* is never thus waived, and the participation of the appellant at the hearing at the time for the appointment of commissioners, and appearing before them at the assessment or appraisal of the damages, and appealing from the award, is not a waiver of the want of jurisdiction, and will not estop the appellant from claiming that its lands have not been lawfully taken."

Other cases relating to the waiver of jurisdiction of the subject matter are cited, but no case is so nearly in point. In that case an appeal had been taken from the order appointing commissioners and it did not appear that any further steps had been taken. In the present case appellants stipulated that commissioners be appointed and allowed the time to appeal from the order appointing commissioners to expire. They waited without objection until the petitioner had taken possession of the land and had expended large sums of money in construction of the dam, and after the lapse of nearly three years brought this proceeding attacking the jurisdiction of the court.

Counsel for petitioner argue that the petition substantially complied with the new statute. One of the requirements of the statute is that the petition should state the *purpose* for which the property is intended to be used. Another is that the property is required for the purpose of the corporation. One clause in the petition states:

"That the land sought to be acquired for the purpose of using and overflowing is principally cut-over and unimproved land," etc.

"That your petitioner has already purchased a large portion of the flowage required, and that your petitioner and the owner of said property required for flowage purposes

cannot mutually agree for the purchase thereof, or of an easement therein."

It thus appeared that these averments required by the statute are not directly made, but only by way of recital. The third requirement of the statute was an allegation "that it is the intention of the corporation in good faith to use" the property for such purpose. Counsel for petitioner argue that, although this language was not contained in the petition, the good faith is apparent in the petition and that a formal allegation would add nothing to it. They base this argument on the facts that it appeared from the petition that petitioner was engaged in producing light and power for public use and since 1902 had owned and maintained the dam and in 1918 was granted permission by the railroad commission to raise and enlarge and rebuild it, and that the property was required for such flowage.

It is argued that since it appeared in the petition that the permission of the railroad commission had been granted after all the statutory requirements had been complied with, this was equivalent to a direct allegation of good faith. Counsel for petitioner cite *In re Milwaukee Southern R. Co.* 124 Wis. 490, 102 N. W. 401. In that case the statute required the petition to allege the intention in good faith to construct the railroad authorized by the charter. It was held that this allegation could not be controverted and was not an issuable fact, and that the fact that a railroad corporation intends in good faith to construct the road authorized by its charter is conclusively shown, in proceedings for condemnation of land, by the production of its patent of incorporation issued by the state.

It is also claimed by counsel for petitioner that defendants waived the defect, if any, by stipulating that the petition be granted and that commissioners be appointed, and tacitly consenting to taking possession of the property and by waiting until large sums had been expended on the faith of the

stipulation.   It is urged that this is such an admission of good faith as dispenses with pleading or proving it.   They rely on *Chicago, M. & St. P. R. Co. v. Richardson,* 86 Wis. 154, 56 N. W. 741.   In that case proof of the necessity of taking was required by the statute.   The court said (p. 160):

"Furthermore, it appears that the appellants appeared at the hearing of the original petition, and suggested the names of commissioners of appraisal to be appointed, and that one of the names so suggested was accepted by the circuit judge. It also appears that, upon the hearing of the motion to vacate, proof was submitted by the railroad company to show the necessity of the taking of these lands.   Again, if it should be said that in an ordinary case the necessity must be shown in the first instance by the railroad company, there was ample and uncontradicted proof, upon the motion to vacate, showing that appellants practically assented to the laying of the track in the place where it was laid, and acquiesced therein.   If this was true, the right to condemnation was perfect without proving necessity.   In fact, it was the only recourse left to the property owner."

In the present case the court gained jurisdiction of the person by the appearance and acts of defendants.   It had jurisdiction over the general subject of condemning lands for the purpose named in the petition.   The question seems to relate rather to the mode of acquiring jurisdiction than of jurisdiction of the subject matter.

Counsel for petitioner argue that on the strength of the cases last cited and on all the facts appearing in the record this case should be distinguished from *Winnebago F. M. Co. v. Wisconsin M. R. Co.* 81 Wis. 389, 51 N. W. 576, and that the order of the trial court should be affirmed on the ground that the original petition substantially complied with the statute, and on the ground of waiver.

Although there is force in this argument, we must recognize that the decision in that case has never been overruled. We must recognize the further fact that statutes in derogation of the common law authorizing the compulsory taking

of private property for public use are to be strictly construed and that the same rule applies to pleadings instituting proceedings for that purpose. We prefer to base our decision on another ground, and for the purposes of this decision, only, shall assume that the original petition was too defective to form a basis for the order appointing commissioners and that there was no waiver.

This brings us to the consideration of the order amending the complaint. It is the claim of petitioner that, even if the original complaint was defective, the defect was cured by the amendment on the hearing for the appointment of commissioners.

We are convinced that the proposed amendment was allowed. The affidavits of the attorneys are not denied. The minutes of the clerk show that application to amend was made, and the court found that it was orally amended at the hearing so as to comply with the statute. It is objected that it was not then reduced to writing and rested only in recollection. There is no doubt as to the nature of the amendment desired or that if it had been reduced to writing only a few lines would have been required to make the pleading conform to the statute.

While it may not be a practice to be commended, it often happens that during trials amendments are allowed orally. Sometimes they are afterward reduced to writing; sometimes they are not. In this case the trial judge by his subsequent order stated what the amendment was, and it was allowed *nunc pro tunc.*

Perhaps the more serious question is whether the court had the power to allow the amendment to be made and whether it was effective. Counsel for defendants argue that since the court had no jurisdiction of the subject matter it could not supply jurisdiction by amendment of the complaint.

This question has often arisen, and in many condemnation cases jurisdictional defects in pleadings have been allowed

to be cured by amendment: for example, as to the value of the land, *Southwestern Land Co. v. Hickory Jackson D. Co.* 18 Colo. 489, 33 Pac. 275; as to the refusal of town officers to act in the matter of laying out a highway, *Patten's Petition,* 16 N. H. 277; as to allegations that petitioners are freeholders, *Howe v. Jamaica,* 19 Vt. 607; as to the ownership of the land in question, *Russell v. Turner,* 62 Me. 496; as to the description of a highway to be vacated, *Ætna Life Ins. Co. v. Jones,* 173 Ind. 149, 89 N. E. 871, and cases cited; as to the necessity for constructing a ditch, *Coolman v. Fleming,* 82 Ind. 117. Other cases will be found cited in 2 Lewis, Eminent Domain (3d ed.) § 554; 1 Ency. Pl. & Pr. 511; 21 Ruling Case Law, 579.

In numerous cases where suit for divorce was brought it has been held that matters purely jurisdictional may be made the subject of amendment the same as other matters of substance. *Johnson v. Johnson,* 30 Colo. 402, 70 Pac. 692; *Mix v. Mix,* 1 Johns. Ch. 204; *Barrett v. Barrett,* 37 N. J. Eq. 29; *Gust v. Gust,* 70 Wash. 695, 127 Pac. 292; *Irwin v. Irwin,* 3 Okla. 186, 41 Pac. 369. The same rule has long obtained in the federal courts as to jurisdictional defects concerning citizenship of the parties. *Morgan's Ex'r v. Gay,* 19 Wall. 81; *Halsted v. Buster,* 119 U. S. 341, 7 Sup. Ct. 276.

In some of the cases above cited the amendment was based on general statutes applicable to all actions, but in most of them no statute was referred to.

In the case before us there was a special section incorporated in the statute authorizing the condemnation proceedings and existing when the action was commenced. It was as essentially a part of the statute as the language which prescribed the facts to be alleged in the petition. We do not think it should change the result that the petition conformed to the terms of the earlier rather than the later statute.

The proceeding was brought to condemn property under existing statutes, but the petition failed to allege essential

facts. In other words, there was, in the very broad language of the statute, a "defect" in the proceedings. It was just as competent for the legislature to authorize the court to amend defects in the proceeding as to confer any other power, and it seems to us that the facts in this case illustrate very well the wisdom of granting the power to amend in proceedings of this kind.

We conclude that the court had the power under the statute to order the amendment of the petition, and that the motion of the defendants to vacate the condemnation proceeding was properly denied.

*By the Court.*—Order affirmed.