HORLICK, Respondent, vs. SWOBODA and others, Appellants.

*April 1—April 28, 1936.*

374

*J. M. Weisman* of Racine, for the appellants.

For the respondent there was a brief by *Simmons, Walker, Wratten & Sporer* of Racine, and oral argument by *Charles W. Wratten* and *M. E. Walker*.

NELSON, J. The appealing defendants contend that the circuit court erred both in overruling the demurrer to the complaint and in denying their motion to quash the temporary injunction or, in the alternative, to increase the amount of the bond furnished by the plaintiff. In our opinion the important and fundamental question for determination is whether the court erred in overruling the defendants' demurrer to the complaint. In support of the assertion that the court erred in refusing to quash the temporary injunction, the defendants make substantially the same argument as that made in support of their contention that the court erred in overruling their demurrer. If the complaint states a cause of action it cannot seriously be argued that the court erred or abused its discretion in refusing to quash the temporary injunction or in refusing to increase the amount of the bond furnished by the plaintiff. So we shall direct our attention to the question of law raised by the demurrer.

Does the complaint state a cause of action? Giving to its allegations a liberal construction as we are bound to do on demurrer and to the reasonable inferences that may be drawn from the facts alleged, it is our conclusion that the complaint does state a cause of action and the demurrer therefore was properly overruled.

It is elementary that on demurrer the allegations of a complaint which plead ultimate facts, not conclusions of law, must be considered as true.

So construing the complaint and only the allegations contained therein, it substantially charges that a majority of the members of the pension board, conspiring together to that end, retired the chief and three other members of the fire department and pensioned them without application having

been made by them or any of them for such retirement and against their protest, for the purpose and with the intention of making positions on the fire department of the city of Racine available to friends in whom influential members of the pension board are interested, and for the purpose of creating or making positions available to friends and relatives of a majority of the members of the pension board, disregarding in so doing their duty to conserve the funds of the pension board. The complaint is long and quite involved, but its meaning as just hereinbefore summarized is certainly permissible.

The defendants contend that the resolution passed by the pension board relating to the retirement of the chief and the three other members of the fire department, if considered as a part of the complaint, would show that the pension board acted pursuant to the provisions of sec. 62.13 (9) (c) 3, Stats., which section, according to their contention, confers absolute power upon the board to retire on its own motion members of either the fire or police department who have served twenty-two years or more. In our view, the resolutions were not made a part of the complaint and may not properly be resorted to or considered in determining the sufficiency of the complaint on demurrer. The resolutions were not annexed to the complaint or made a part thereof, *Sedgwick v. Blanchard,* 164 Wis. 421, 160 N. W. 267, nor were the same referred to and made a part of the complaint as though annexed thereto. *Milwaukee L., H. & T. Co. v. Burlington E. L. & P. Co.* 142 Wis. 436, 125 N. W. 932. The plaintiff no doubt deliberately framed his complaint so as not to make the resolutions of the pension board a part thereof, intending thereby to compel the defendants to plead the resolutions and to assert in their answer as a defense to the action, that in retiring the chief and members of the fire department, the pension board did so pursuant to the section of the statute hereinbefore recited. In *S. S. Kresge Co. v.*

*Railroad Comm.* 204 Wis. 479, 235 N. W. 4, 236 N. W. 667, on page 492, this court said:

"The court is made aware upon demurrer only of such facts as are stated in the complaint. Other facts may or may not exist. As to that situation the court knows nothing."

In *Eiche v. Wallrabenstein,* 215 Wis. 311, 314, 254 N. W. 534, it was said in substance that matters relied upon by a defendant but not appearing upon the face of the complaint must be raised by answer. Under no statute was the circuit court required to take judicial notice of resolutions passed by the pension board of the city of Racine. That court was of the opinion that the resolutions of the pension board, copies of which were brought into court by the defendant, could not be considered as a part of the complaint and could be given no consideration in determining whether the complaint stated a cause of action. In so holding we think the court was correct. Much of the plaintiff's brief is devoted to the question which would be before us if the resolutions of the pension board were a part of the complaint so as to permit us to consider whether the pension board has the authority upon its own motion to retire a member of either the police or fire department when such member has served twenty-two years or more. In our view, this question is not before us at this time. The resolutions of the pension board, not having been annexed to the complaint or made a part thereof by reference, must be considered as extraneous to the matters actually alleged in the complaint and not a part thereof. In our view, if the chief and the other members of the department were retired for reasons that are consistent with the authority conferred by law upon the pension board and not for the reasons alleged in the complaint, such defensive matter should have been set up in the answer.

The defendants contend that all reasonable presumptions should be indulged in favor of the regularity and validity of

the acts of public officers. *Tainter v. Lucas,* 29 Wis. 375; *State ex rel. Willis v. Prince,* 45 Wis. 610; *State ex rel. Davern v. Rose,* 140 Wis. 360, 122 N. W. 751; *Kasik v. Janssen,* 158 Wis. 606, 149 N. W. 398. That principle is well established but its relevancy here is not appreciated. The complaint makes certain charges against the pension board which, on demurrer, are considered true, and so considered rebut the presumption mentioned. Whatever authority to retire a member of the fire department on a pension is by law conferred upon the pension board, sec. 62.13 (9), Stats., the extent of which we do not now determine, it is perfectly obvious that the pension board had no authority to retire certain members of the fire department for the purpose of making positions available in that department for those in whom influential members of the board were interested, or for the purpose of creating positions in that department for friends and relatives of a majority of the members of said board.

*By the Court.*—Orders affirmed.

WICKHEM, J., dissents.