G. M. C. HOTELS, INC., and others, Appellants, vs. HANSON, Respondent.

*February 14—March 12, 1940.*

166

For the appellants there were briefs by *Walter A. Williams* of Waukesha, attorney, and *Owens & Owens* of Chi-

cago, Illinois, of counsel, and oral argument by *Mr. Williams*.

For the respondent there was a brief by *Jacobson, Malone & Hippenmeyer* of Waukesha, and oral argument by *Richard Hippenmeyer*.

FAIRCHILD, J. The complaint shows that the defendant subscribed for stock in the Phillip State Bank & Trust Company, an Illinois corporation, and that as part of her contractual obligations arising from the ownership of the stock is the provision in the constitution of the state of Illinois which binds every stockholder in banking corporations with an individual responsibility to the creditors of that institution "over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder." § 6, art. XI, Illinois constitution. The complaint also discloses the existence of an indebtedness of the banking institution over and above its assets warranting the invoking of this liability by creditors against a stockholder.

The defendant argues that by virtue of § 11, ch. 16a, of the Illinois revised statutes, recovery on this liability, if any exists, must be sought by an action brought in the county in which such bank or banking association may have been located. But the law of Illinois seems to be settled to the contrary. The law which is controlling is set forth in the case of *Golden v. Cervenka*, 278 Ill. 409, 116 N. E. 273, where it is said at page 435:

"The stockholders' liability created by the constitution is to the creditors of the corporation, and is a several and individual liability on the part of each stockholder to each creditor. It is not a liability to the corporation or to the creditors of the corporation as a class, but to each individual creditor on the part of each individual stockholder. Therefore it is the creditors, alone, individually or collectively, who can en-

force the liability by such remedies as the law affords." This fixes the character of the action which the creditor has against the stockholder.

The defendant is a resident of Wisconsin, but under her Illinois contract she assumed certain obligations and rendered herself subject to certain liabilities. Creditors of the bank who may enforce this liability have a transitory cause of action which gives them a right to appear in the courts of this state and insist upon the defendant meeting the obligation which she assumed upon becoming a stockholder. The existence of § 11, ch. 16a, and the sections above referred to, is of no avail to the defendant in this situation because it is the law in Illinois that that chapter cannot interfere with the self-executing provisions of the constitution with relation to the stockholders' liability. In the *Golden v. Cervenka Case, supra,* the supreme court of Illinois held that the contract of the stockholder created an obligation by express agreement, and that notwithstanding ch. 16a, the creditors have the right to pursue and control their own remedies with respect to their individual property. The court considered a receiver a stranger to the relation existing between the creditor of the bank and the stockholder, and said at page 437:

"It is an unauthorized interference with the rights of the creditors to authorize the collection of the indebtedness due to them individually by a stranger, and with the rights of the stockholders to compel them to pay to a stranger when the legislature has no authority to make the receipt of the stranger a discharge of the debt. Section 11 is invalid in so far as it authorizes the enforcement of the liability of stockholders to creditors by the receiver."

The procedure followed by the plaintiffs in the case at bar is proper, and has support as a matter of practice in such cases as *Broderick v. Rosner,* 294 U. S. 629, 55 Sup. Ct. 589, 76 L. Ed. 1100; *Converse v. Hamilton,* 224 U. S. 243, 32 Sup. Ct. 415, 56 L. Ed. 749.

So it appears that the action is brought in proper form, and that no question of jurisdiction exists. This also settles the question as to the legal capacity of the plaintiffs to sue.

It is urged that the facts stated do not set forth a cause of action, but the complaint appears to be rather complete in respect to the cause of action. It is also urged in this connection that the failure to have a proper verification takes away from the allegations all legal effect. On demurrer we are dealing with matters set forth on the face of the complaint. The defect in verification, if any, would be grounds for a motion to strike the pleading; but if permitted to stand, the pleading must be weighed by its contents. In this respect the plaintiffs have a sufficient pleading.

The point raised as to the application of a statute of limitations, and as to which one should apply, need not be treated further than to say that the third amended complaint does not show that the action in issue was begun more than six years after plaintiffs had knowledge of the facts which gave rise to their cause of action. Knowledge of the stockholders' double liability may be imputed to the plaintiffs by virtue of the fact that they had previously brought an action to enforce that liability. The statute providing for a demurrer resting upon the point that the action was not begun timely, limits the court in its inquiry to the face of the complaint. If the statute of limitations is relied on and the pleading itself does not show the date of the beginning of the action, the defendant is not to demur, but to plead the fact in the answer. 3 Bryant, Wis. Pl. & Pr. p. 143, § 355; and *Eiche v. Wallrabenstein,* 215 Wis. 311, 254 N. W. 534; *Magdeburg v. Uihlein,* 53 Wis. 165, 10 N. W. 363; *Horlick v. Swoboda,* 221 Wis. 373, 267 N. W. 38.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.