KAUFER, Appellant, vs. STUMPF and wife, imp., Respondents.

*October 9—November 7, 1906.*

*Statute of frauds: Pleading: Oral promise to pay debt of another: Contracts relating to land: Judgment: Costs: Harmless irregularity.*

1. Where a complaint alleged that defendant agreed to indorse a note of J. S. and agreed to pay it in consideration of a transfer of land to J. S., defendant may, without pleading it, rely upon the statute of frauds (sec. 2307, Stats. 1898) declaring void an oral promise to answer for the debt of another.

2. A promise in form to guarantee payment of the debt of another, but in fact to pay the promisor's own debt, is not within the statute.

3. An oral agreement between the parties that plaintiff should advance moneys to buy land at a foreclosure sale, take the title in his own name, and transfer it to defendant upon the latter reimbursing him, and that defendant should reimburse him for the advances, such agreement being executed by plaintiff to the extent of purchasing at the sale, was within the statute of frauds (sec. 2302, Stats. 1898) and void.

4. Defendant's oral promise in such case to repay plaintiff's advances being void, his subsequent oral promise, in consideration of a transfer of the land to his brother, to indorse his brother's note for said advances and to pay such note, was not a promise to pay his own debt, but a collateral promise to pay the debt of another, and hence void under sec. 2307, Stats. 1898.

5. Entry of judgment for costs in favor of a defendant who had been served with notice that no personal claim was made against her, was a harmless irregularity where the costs taxed were no greater than they would have been had the judgment been in favor of her husband only, in whose answer she had joined.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action to foreclose a mortgage and to obtain a judgment against *Charles J. Stumpf* as one personally liable for the mortgage indebtedness, as well as against John Stumpf, Jr., maker of the note mentioned in the mortgage.

The complaint contained all the usual allegations for the foreclosure of a mortgage as to the defendant John Stumpf, Jr. The note was for $3,500, payable two years after date with interest at the rate of six per cent. per annum, payable according to the tenor and effect of coupons attached thereto, which provided for interest at the rate of seven per cent. per annum after due. There were appropriate allegations showing the due éxecution of the mortgage, the conditions thereof, the recording of the same, and default in the performance of such conditions creating the cause of action for foreclosure. There were also allegations as grounds for the alleged liabil-

ity of *Charles J. Stumpf,* in effect as follows: On or about
May 29, 1899, at a sheriff's sale to enforce a judgment of
foreclosure of a mortgage wherein *Charles J. Stumpf* was ad-
judged to be personally liable for the mortgage indebtedness,
the property involved was bid in by the plaintiff, acting
through an agent, in his own name for said *Charles J. Stumpf*
for $3,400, pursuant to an agreement between them that the
sheriff's deed should run to the plaintiff, and upon the sale
being confirmed that he should deed the property to said
*Stumpf* and receive from him reimbursement for all money
advanced in so securing the property. The total sum so ad-
vanced was $3,500. Subsequent to the sale it was duly con-
firmed, and thereafter on or about June 13, 1899, said
*Charles J. Stumpf* informed plaintiff that he was unable at
once to pay back the advances, but could and would secure
the same by a mortgage on the premises; that he would have
the title to the property vested in his brother John Stumpf,
Jr., and then have the latter give a note for $3,500 and a
mortgage on the property to secure the payment thereof, and
that he, the said *Charles J. Stumpf,* would indorse said note
and would pay the indebtedness with interest as provided
in said note. Plaintiff accepted the proposition of said
*Charles J. Stumpf,* deeded the property to said John Stumpf,
Jr., delivered the deed to *Charles,* and received from him
the note of John Stumpf, Jr., and the mortgage on the prop-
erty in suit.

The defendant *Charles J. Stumpf* answered, among other
things, admitting that plaintiff purchased the property in-
volved under the circumstances stated in the complaint, and
alleging that it was agreed that plaintiff should convey the
property to said *Charles J. Stumpf* or such person as should
be mutually agreed upon, and that he should pay plaintiff.
such sum over and above $3,500 as might be necessary to
make up the difference between the latter sum and the amount
due under the judgment of foreclosure, and as security for

the said $3,500 a mortgage should be given by the person so receiving the conveyance of the premises; that pursuant thereto $638 was paid plaintiff and he conveyed the property to John Stumpf, Jr., who executed the note and mortgage in suit and delivered the same to plaintiff. The answer contained a specific denial that *Charles J. Stumpf* agreed to pay the note.

As a defense sec. 2302, Stats. 1898, was invoked upon the ground that the agreement between plaintiff and *Charles J. Stumpf* was merely verbal.

No issue was taken on any of the allegations of the complaint as to the cause of action against John Stumpf, Jr.

The court found all the facts requisite to a judgment of foreclosure as to John Stumpf, Jr., and found that there was justly due plaintiff upon the note and mortgage covering the indebtedness of *Charles J. Stumpf,* for which the note and mortgage were given, $5,038.62. The court further found, as regards the liability of *Charles J. Stumpf,* that he merely promised orally to guarantee the payment of the note and mortgage and that such promise was void under the statute of frauds.

The court further found, as to the liability of *Charles J. Stumpf:* Plaintiff purchased the mortgaged property for *Charles J. Stumpf* at a foreclosure sale, as alleged in the complaint, under an agreement that the sheriff's deed should run to the plaintiff and that upon its being confirmed *Charles J. Stumpf* should reimburse plaintiff for all moneys advanced by him in the matter. To complete the purchase plaintiff advanced $3,400, took the sheriff's deed, and the same was thereafter confirmed. Plaintiff also advanced for said *Charles J. Stumpf,* at his request, a further sum of $100 towards discharging the deficiency of $738.44 due on the foreclosure judgment, for which said *Charles J. Stumpf* was liable. Thereafter, having in view the carrying out of the aforesaid agreement, said *Charles J. Stumpf,* representing that he was

unable at once to pay back the said sum of $3,500, said to plaintiff's agent that he would secure the same by a mortgage on the premises; that to avoid injuring his financial standing he would have the title to the property transferred to his brother John Stumpf, Jr., and have him give the mortgage to plaintiff to secure said sum of $3,500, and that he would guarantee the payment of his brother's note. On June 13, 1899, $638.44, the balance of the deficiency on the foreclosure judgment, was paid by said *Charles Stumpf.* Relying upon such representations and promises plaintiff deeded the property in question to said John Stumpf, Jr., and received from him, at the same time, the note and mortgage in suit. Such note and mortgage were given to secure the $3,500 and interest due to plaintiff from said *Charles J. Stumpf* at the time the note and mortgage were given.

Upon such decision and findings the court concluded that *Charles J. Stumpf* was not liable for the mortgage indebtedness and that he and his wife *Agnes,* who was made a defendant, were entitled to judgment against plaintiff dismissing the complaint as to them, with costs. Judgment, in due form, for a foreclosure sale was rendered as to John Stumpf, Jr., and as to *Charles J. Stumpf* and wife in accordance with the foregoing. From such judgment dismissing the cause with costs as to *Charles J. Stumpf* this appeal was taken.

For the appellant there were briefs by *Nath. Pereles & Sons,* and oral argument by *C. S. Carter* and *W. H. Churchill.* To the point that, even if the agreement of *Charles J. Stumpf* to guarantee payment of his brother's note were within sec. 2307, Stats. 1898, the defense of the statute of frauds, to be available, must be pleaded, they cited *Matthews v. Matthews,* 154 N. Y. 288; *Crane v. Powell,* 139 N. Y. 379; *Sanger v. French,* 157 N. Y. 213; *Hamill v. Hall,* 4 Colo. App. 290; *Chicago & W. C. Co. v. Liddell,* 69 Ill. 639; *Osborne v. Endicott,* 6 Cal. 149, 65 Am. Dec. 498; *Citty v.*

*Manufacturing Co.* 93 Tenn. 276, 42 Am. St. R. 919; 9 Ency. Pl. & Pr. 705, 716, and cases there cited.

For the respondents there was a brief by *McElroy, Eschweiler & Wetzler,* and oral argument by *F. C. Eschweiler.*

MARSHALL, J. At the outset on this appeal stands the contention of appellant that respondent waived the statute of frauds (sec. 2307, Stats. 1898), relating to the validity of any agreement to answer for the debt, default, or miscarriage of another, by not pleading it, and, therefore, that the court erred in applying such statute to the guaranty found ·to have been made by respondent and upon which his liability rests, if he is liable at all.

As no contract of guaranty, valid or invalid, was set forth in the complaint respondent was in no position to plead the statute on that subject as a defense. The claim set forth in the complaint was that respondent agreed to indorse John Stumpf's note and agreed to pay it in consideration of the transfer of the land to John. That was put in issue and the finding was substantially in respondent's favor. There is much authority to the effect that when the contract-pleaded is put in issue the plaintiff in order to recover must establish a valid agreement. The defendant is not called upon to anticipate that an invalid contract will be established and to plead thereto. *Taylor v. Merrill,* 55 Ill. 52; *Hunter v. Randall,* 62 Me. 423; *Russell v. W., M. & P. R. Co.* 39 Minn. 145, 39 N. W. 302; *Bernhardt v. Walls,* 29 Mo. App. 206; *Allen v. Richard,* 83 Mo. 55, 60.

The principal contention relied on, as it seems, is that the court erred in deciding that the agreement made by *Charles Stumpf* to guarantee the payment of John Stumpf's note was a purely collateral promise and so void under sec. 2307, Stats. 1898, before referred to. It is insisted by appellant's counsel that the promise was original in character in that it

was to pay the promisor's own debt to appellant. This court has often held, as claimed by counsel, that a promise, in form, by one person to guarantee payment of the debt of another, where such promise is in fact to pay such person's own debt, is not within the statute because not collateral. *Dyer v. Gibson,* 16 Wis. 557; *Wyman v. Goodrich,* 26 Wis. 21; *Putney v. Farnham,* 27 Wis. 187; *Young v. French,* 35 Wis. 111; *Hoile v. Bailey,* 58 Wis. 434, 17 N. W. 322; *McCord v. Edward Hines L. Co.* 124 Wis. 509, 102 N. W. 334. In order that such doctrine could be applied here, it would be necessary for it to appear that at the time *Charles Stumpf* made the agreement to guarantee his brother's note he was indebted to appellant and that the agreement was in reality to pay such indebtedness.

Whether an indebtedness existed as above suggested depends upon the facts found by the court, not upon mere language contained in the findings referring to the relations between appellant and respondent *Charles Stumpf* as those of debtor and creditor. It seems that the court did not mean in using such language that a valid indebtedness existed between the parties, because that would be plainly inconsistent with the decision that the guaranty was a mere collateral promise. True, with considerable significance the court mentioned such relations as those of debtor and creditor. It was said in the findings that the note and mortgage made by John Stumpf, Jr., were delivered to appellant to secure *Charles Stumpf's* indebtedness, and further, that when *Charles Stumpf* suggested to appellant the deeding of the property to John he said he would secure his indebtedness to appellant by a note and mortgage on the property given by John and that he would guarantee such note. We do not deem the use of such language by any means conclusive that the trial court held that there was a valid indebtedness of *Charles Stumpf* to appellant, and if it were otherwise such holding would be in the nature of a conclusion of law and not stand in the way

of the real relations between the parties as shown by the facts found.

Now at the time the arrangement was made between appellant and *Charles Stumpf* as to the property acquired by the former being deeded over to John Stumpf, there existed, according to the findings, merely an agreement that appellant should advance the necessary money to buy in the property at the foreclosure sale, take the title in his own name, and transfer it to *Charles* thereafter upon the latter's reimbursing him for such advances, such agreement being carried out to the extent of acquiring the property at such sale and making such advances.    We are unable to see why at that stage the agreement was not within the statute of frauds (sec. 2302, Stats. 1898), requiring agreements relating to real estate to be in writing, which was pleaded.    It seems to fall clearly within the principle of *Scheuer v. Cochem,* 126 Wis. 209, 105 N. W. 573, where it was held, as indicated by the syllabus:

"An oral agreement by which the parties were to become jointly interested, as partners, in the purchase of land—one to advance the whole purchase price and take the title in his own name and afterwards, on repayment to him of one half the sum so advanced, with interest, to convey an undivided half to the other party, is within the statute of frauds (sec. 2302, Stats. 1898); and it is immaterial whether the party so orally agreeing to convey was the owner of the land at the time or whether he afterwards acquired the title."

The basic idea of the decision is that so long as the obligation to convey the land rests in a mere oral agreement it is void.

It seems to follow necessarily that when *Charles Stumpf* agreed to guarantee his brother's note there was no binding agreement existing between him and appellant to take the land and repay the advances.    There existed a mere void promise in that regard.    It would seem to logically follow that the agreement as to the note was collateral, as the court found, and within sec. 2307 of the statute of frauds (Stats.

1898). While it does not clearly appear that the learned circuit judge thus reached a conclusion we apprehend that he did, and, in any event, it seems that such conclusion is the necessary result of the facts found and the law as laid down in the decisions of this court.

Error is claimed because the court allowed judgment to go in favor of respondent *Agnes G. Stumpf* for costs although no personal claim was made against her, she being joined as a defendant, as the wife of *Charles Stumpf*. At the worst that was a mere harmless irregularity. The two defendants joined in answering the complaint. They appeared by the same attorneys. So far as we can discover the costs were no greater than they would have been had judgment been rendered therefor in favor of *Charles Stumpf* only.

*By the Court.*—Judgment affirmed.