Flatley Brothers Company, Appellant, vs. Beauregard, Respondent.

*January 12—February 8, 1927.*

*Frauds, statute of: Waiver of defense: Acceptance of goods: What constitutes: Evidence: Sufficiency.*

1. Even though the defense of the statute of frauds be waived if not pleaded, where the claim that the defense was waived was not made below, but proof to establish that the contract was void under the statute was received without objection, and the contention that the contract was void was raised by a motion for a nonsuit and a motion for a directed verdict, the appellate court will treat the answer as properly amended to conform to the proof and to support the judgment.  p. 176.
2. An acceptance of part of certain tile for which defendant contracted such as will take the contract out of the statute of frauds is not shown where the defendant merely took some of them from the car for the purpose of testing them, and on the same day notified plaintiff that he would not accept them and returned those which he had taken.  p. 176.
3. The fact that the tile were fit for the purpose for which they were ordered is immaterial where the contract was void under the statute of frauds.  p. 176.

APPEAL from a judgment of the circuit court for Brown county: EDGAR V. WERNER, Judge. *Affirmed.*

Action by *Flatley Brothers Company* to recover for the value of tile alleged to have been sold and delivered to *Bert Beauregard.* From a judgment dismissing the complaint the plaintiff appeals.

The plaintiff company, at the request of the defendant *Beauregard,* ordered a carload of tile. This action was brought to recover the agreed price of the car of tile. The jury found that the tile were fit for the use for which they were ordered. The court dismissed the complaint because the contract for the purchase of the tile was void under the statute of frauds.

For the appellant there was a brief by *Reynolds & Dwyer* of Green Bay, and oral argument by *Thomas C. Dwyer.*

For the respondent there was a brief by *Minahan, Minahan & Duquaine,* and oral argument by *Victor McCormick,* all of Green Bay.

STEVENS, J. A preliminary question of pleading is raised. Appellant contends that the court erred in determining that the contract was void under the statute of frauds because of the fact that this defense was not pleaded. The complaint alleged that the plaintiff "sold and delivered" the tile to the defendant. This allegation was met by a general denial. "There is much authority to the effect that when a contract pleaded is put in issue the plaintiff in order to recover must establish a valid agreement. The defendant is not called upon to anticipate that an invalid contract will be established and to plead thereto." *Kaufer v. Stumpf,* 129 Wis. 476, 481, 109 N. W. 561.

In considering the cases cited by appellant which appear to sustain his position that the defense of the statute of frauds is waived if not pleaded, we must consider that our statute "differs radically from the statute of frauds of England and of most of the states, in that, while they declare that such contracts, unless in writing, shall not be received in evidence or shall not be made the foundation of an action, ours declares that the inhibited contracts shall be 'void,' from which would seem to result the proposition that, when the plaintiff counts on such a contract and the same is not expressly ad-

mitted by the answer, he fails to establish his allegation thereof when he merely proves an oral agreement which is no contract." *Langley v. Sanborn*, 135 Wis. 178, 183, 184, 114 N. W. 787.

The proof to establish that the contract was void under the statute of frauds was received without objection. The contention that the contract was void under the statute was raised both by the motion to grant a nonsuit and by the motion to direct a verdict. So far as the record discloses, this question that the defense of the statute of frauds was waived by failing to plead it was never raised in the trial court. "When such a situation exists this court will, of course, treat the pleadings as properly amended in order to support a judgment which in all other respects is manifestly right." *Swanby v. Northern State Bank,* 150 Wis. 572, 577, 137 N. W. 763.

(2) The contract was not reduced to writing. The goods sold exceeded $50 in value. No part of the purchase price was paid. Clearly the contract upon which plaintiff bases its cause of action was void under sec. 241.03 of the Statutes unless the defendant received and accepted a portion of the tile. That the defendant took some of the tile from the car for the purpose of testing them is undisputed. It is also undisputed that the defendant notified the plaintiff on the same day that these tile were taken that he refused to accept the tile. It is also undisputed that he returned to the plaintiff the tile which had been taken for the purpose of testing the same. The plaintiff has failed to establish such an acceptance of the tile as will take the contract out of the statute of frauds. The finding of the jury that the tile were in fact fit for the purpose for which ordered becomes immaterial because in any event the plaintiff cannot recover upon a void contract.

*By the Court.*—Judgment affirmed.