Lowe, Appellant, vs. Laursen and others, Respondents.

*March 3—April 1, 1930.*

For the appellant there was a brief by *Stolts & Crocker* of Eau Claire and *Burch, Bacon & Denlinger* of Akron, Ohio, and oral argument by *Walter C. Crocker*.

For the respondents there was a brief by *Roy P. Wilcox* of Eau Claire and *Robinson & Parsons* of Holland, Michigan, and oral argument by *Elbern Parsons*.

ROSENBERRY, C. J.   It is apparent from the stipulation referred to that the parties attempted thereby to remove from the consideration of the circuit court for Eau Claire county all questions except that relating to the liability of the defendants on account of the Duesenberg car transaction.   Having agreed to litigate the Duesenberg car transaction in the circuit court for Eau Claire county, it appearing that the district court had denied the right of the plaintiff to recover in the accounting action in the federal court on the ground that it constituted a legal rather than an equitable cause of action, the defendant should be bound thereby in the absence of some controlling reason.   The reason assigned is that by making the assignment of error in respect to the Duesenberg car transaction on its appeal from the district

court, the plaintiff did so in disregard of the stipulation and re-introduced the issue into that action. The only error that the district court committed with respect to the car transaction, if any, was a refusal to consider it as within the issues in that action. Having refused to consider it as within the issues, it made no adjudication upon the merits. It may well be that the plaintiff was overcautious in assigning error on his appeal. Certainly up to the present time there has been no adjudication on the merits, nor do we regard the assignment of errors as in any way disturbing the effect of the stipulation made with reference to the issues in the circuit court for Eau Claire county. If when the latter action proceeds to trial there has in fact been an adjudication upon the merits, there will be ample opportunity to plead that fact as a defense. In the absence of an adjudication the mere pendency of the action in the district court for the Northern district of Ohio, Eastern division, at Cleveland, Ohio, is not a fact which warrants the circuit court for Eau Claire county in dismissing plaintiff's complaint.

The practice of dismissing an action upon motion because of a former adjudication of the issues is anomalous. If the issues in this case have been adjudicated in a former action, the proper procedure would be to set it up as a defense in the answer. Then the question arises upon the trial whether or not the plaintiff is concluded by the former adjudication. We find no warrant for the practice of moving to dismiss an action on account of a former adjudication. We do not find that the matter has been determined in this state, but in the state of Minnesota, under procedure much like ours, it is held that, a former judgment on the same cause of action being a complete bar to a subsequent action, it must be pleaded by way of defense. *Bowe v. Minnesota Milk Co.* 44 Minn. 460, 47 N. W. 151. The judgment, however, may be received in evidence, where it is material upon the issues,

without being pleaded. *Grunert v. Spalding,* 104 Wis. 193, 80 N. W. 589. If it is relied upon as a defense, it would seem more in accord with sound practice that it be pleaded as a defense and the issue determined in the regular way.

*By the Court.*—Order reversed, and cause remanded for further proceedings.