EICHE, Appellant, vs. WALLRABENSTEIN and others, Respondents.

*April 3—May 1, 1934.*

312

For the appellant the cause was submitted on the brief of *J. H. Schnorenberg* of Hartford.

*J. M. Peters* of Hartford, for the respondents.

ROSENBERRY, C. J. It is the contention of the defendants that the promise alleged in the complaint in order to be valid must be in writing; that failing to allege it is in writing, the complaint fails to state a cause of action.

Sec. 241.02, Stats., provides:

*"Agreements, what must be written.* In the following cases every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the con-

sideration, be in writing and subscribed by the party charged therewith:

"(1) . . .

"(2) Every special promise to answer for the debt, default or miscarriage of another."

It is not necessary for us to enter upon a consideration of the fundamental principles of law governing this controversy, nor draw any distinctions as to whether a statute makes a promise void or merely voidable... Since *Robbins v. Deverill,* 20 Wis. *142, this court has consistently held that in pleading a contract which the statute of frauds requires to be in writing, it is not necessary to allege the facts relied on to take the case out of the statute. Such was the rule before the adoption of the code and such is the rule under the code. See *Taylor v. Davis,* 82 Wis. 455, 52 N. W. 756; *Bank of River Falls v. German-American Ins. Co.* 72 Wis. 535, 40 N. W. 506.

The question which the defendants seek to raise upon this demurrer must be raised upon the trial when it appears as a fact that the contract is or is not in writing. Plaintiff seeks also to sustain the complaint upon the ground that the liability sought to be enforced is one under sec. 287.23, imposing liability upon heirs to the extent of the estate which shall have descended to them. The defendants claim that if the action be regarded as one upon the statutory liability instead of upon the promise to pay alleged to have been made by the heirs, it should then appear by the complaint that the claim was presented in administration proceedings and allowed; that, there being no allegation to that effect, the claim is barred under the provisions of sec. 313.08. The trouble with this position is that it nowhere appears in the allegations of the complaint that any administration proceedings were ever had or any opportunity given to file a claim. An allegation that the amount of the estate is not sufficient to pay the expenses is not an allegation that administration

proceedings were had. If such a defense exists under the circumstances, it must be taken by way of answer. It does not appear from the allegations of the complaint that the claim is barred. In order to make the defense that the action is barred by the statute of limitations available upon demurrer, the necessary facts must appear in the complaint. It is not necessary ordinarily for a pleader to anticipate defenses. Although he may anticipate defenses if he chooses, he is not required to do so. In this connection the distinction between a claim barred by the statute of limitations and one that does not come into existence except upon certain conditions precedent is to be observed. *O'Donnell v. New London,* 113 Wis. 292, 89 N. W. 511. See also *Briggs v. Miller,* 176 Wis. 321, 186 N. W. 163.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings according to law.