CHRISTENSON & ARNDT, INC., and others, Appellants, vs. WISCONSIN TELEPHONE COMPANY, Respondent.

*May 6—June 2, 1953.*

For the appellants there was a brief by *Corrigan & Corrigan* of Milwaukee, and oral argument by *Thomas M. Corrigan.*

For the respondent there was a brief by *George A. Hartman, Robert G. Hartman,* and *Leo C. Hartman,* all of Juneau, and oral argument by *Leo C. Hartman.*

BROADFOOT, J.   The defendant relies upon the "privity of contract" rule, and cites several cases from other jurisdictions that uphold the rule.   Illustrative of these cases is that of *Mentzer v. New England Telephone & Tel. Co.* 276 Mass. 478, 177 N. E. 549, which appears with an annotation in 78 A. L. R. 654.   Under those cases the duty of a telephone company has been limited to its agreement to place its subscribers in communication with one another by affording to each a mechanical connection, through its central office, with other subscribers.   These cases hold that, although a telephone company breaches its duty toward a subscriber in refusing or unduly delaying to complete a connection sought for the purpose of calling the fire department, this affords no cause of action to a third person whose property was burned.   Thus, the defendant contends that none of the plaintiffs can derive benefit from defendant's alleged breach of its obligation to the unnamed person who notified defendant's operator of the fire.   It also contends that Christenson & Arndt, Inc., cannot derive benefit from defendant's alleged failure or undue neglect to make connection with the garage affording a wrecker service because Christenson was making the call over a telephone at the hotel and not over a phone to which he or his company was a subscriber.

The plaintiffs, however, contend that Wisconsin does not follow the "privity of contract" rule and they cite two Wisconsin statutes which make that rule inapplicable and in

place thereof have made telephone companies liable in tort for the negligence of their operators in furnishing telephone service. These statutes are secs. 182.019 (formerly sec. 180.19) and 175.06. Sec. 182.019, so far as applicable here, provides:

"Persons owning or operating any . . . telephone . . . line . . . for public purposes shall be liable for all damages occasioned by the failure or negligence of their operators, servants, or employees in receiving . . . transmitting, or delivering . . . messages. . . ."

Sec. 175.06, Stats., provides in substance that it shall be the duty of every telephone company to connect the telephone of subscribers with the telephone of any other person having a connection with its central exchange whenever requested to do so without unreasonable delay. Nothing is said in either statute about "privity of contract." The statutes above referred to were considered by this court in the case of *Boldig v. Urban Telephone Co.* 224 Wis. 93, 271 N. W. 88.

In the *Boldig Case,* the plaintiff owned a sawmill situated about four miles from the village of Bowler in Shawano county. At about 9:15 p. m. a fire was discovered in a pile of wood near the mill. One of plaintiff's adult sons ran to his father's house a short distance away, where he met one Hanson, who had just arrived in his automobile. Plaintiff's son requested Hanson to contact the Bowler fire department and to request it to come out and assist in putting out the fire. In calling Bowler it was necessary to call the telephone exchange at Marion. Hanson called the operator at Marion on plaintiff's telephone and asked to be connected with one Kriewaldt, who resided immediately across the road from the firehouse in Bowler. The operator asked the number of the telephone that was being used and the number was given. She then told Hanson that the telephone was not entitled to service because it was in default. Later this was conceded

to be an error on her part. In that case a judgment in favor of the plaintiff was affirmed by this court. In its opinion the court said that the words "transmitting or delivering" found in the statute are broad enough to include making a connection with a subscriber for telephone service.

Our special statutes have not abrogated the contract liability of a telephone company but they have introduced a liability in tort as well. Even so, the duty of a telephone company is ordinarily limited to making a connection between phones without unreasonable delay. It is not under obligation to render special services or transmit messages except in cases where it has undertaken so to do. Its duties and obligations will depend upon the facts and circumstances in each case.

The extent of the undertaking by the defendant, whether the communication by the unnamed person was sufficient to inform the operator that the caller wanted to be connected with the fire department, whether there was unreasonable delay in making the connection, or whether the caller hung up before the connection was completed, the extent of the unreasonable delay and whether it was a proximate cause, if proven, of the damages of the plaintiffs, and the extent of the damages attributable to any unreasonable delay proven, are all questions of fact that cannot be determined from the pleadings. Some of the links in the chain of events may become involved in doubt and speculation.

We are here called upon to determine the sufficiency of a complaint which has been challenged by demurrer. Every reasonable intendment and presumption is to be made in favor of the complaint and the plaintiffs are entitled to all reasonable inferences which can be drawn from the facts pleaded. The difficulty the plaintiffs may have in proving all of the necessary elements to enable them to recover upon the trial cannot be here considered. The complaint does state a

cause of action and the demurrers should have been over-ruled.

*By the Court.*—Order reversed and cause remanded with directions to overrule the demurrers.

GEHL, J., took no part.