BLACK EAGLE OIL COMPANY, Respondent, vs. GLOBE OIL & REFINING COMPANY, Appellant.

*February 5—February 28, 1958.*

342

The cause was submitted for the appellant on the brief of *Brennan, Brennan & Brennan,* attorneys, and *Martin J. Brennan, Joseph K. Brennan,* and *James B. Brennan* of

counsel, and for the respondent on the brief of *Rix, Kuelthau & Kuelthau,* attorneys, and *Herbert L. Mount* and *Alexander Cannon* of counsel, all of Milwaukee.

FAIRCHILD, J. The order denying defendant's motion that plaintiff be required to make the complaint more definite and certain is not appealable. *Morrison v. Steinfort* (1948), 254 Wis. 89, 90, 35 N. W. (2d) 335. Therefore we do not have before us the question whether several causes of action have been united without being separately stated as required by sec. 263.04, Stats.

The first question which is properly before us is whether some or all of the facts properly pleaded, taken together, constitute a cause of action. The gist of the complaint is that plaintiff seeks reimbursement for payments made to defendant to the extent that such payments exceeded the amounts owed. The text of the contract is pleaded and it defines the price which plaintiff was to pay for gasoline in terms of a published quotation, presumably a market price.

Plaintiff alleged that defendant notified plaintiff of an amendment, tying the price to a different quotation and that plaintiff agreed to the amendment. Defendant argues that this allegation is a conclusion, not admitted on demurrer; that no consideration was pleaded; that it is not alleged that the amendment was in writing; and that other details are lacking. We consider the allegation sufficient to allege an effective amendment. No new consideration is required in order to support a modification of an executory contract. *Miller v. Stanich* (1930), 202 Wis. 539, 544, 230 N. W. 47, 233 N. W. 753. Even where the statute of frauds requires the contract to be in writing, it is not necessary to allege the facts relied on to take the case out of the statute. *Eiche v. Wallrabenstein* (1934), 215 Wis. 311, 313, 254 N. W. 534.

The contract expressly provides that if the price, plus freight, plus two and one-half cents per gallon shall exceed the normal officially posted dealer price for Standard Red Crown, defendant will reduce its price by the amount of such excess. Plaintiff alleged that between specified dates defendant's price, plus freight, plus two and one-half cents per gallon, did exceed the normal officially posted dealer price for Red Crown; that defendant refused, upon demand, to reduce the price; that plaintiff paid under protest; and that the excess paid amounted to $42,398.86. We conclude that these facts are sufficiently pleaded and that if they be established, plaintiff will be entitled to some "measure of judicial redress." Sec. 263.07, Stats.

Defendant points to a provision of the contract providing that "No claim of buyer on account of shortage or quality of goods or for any other cause shall be considered, unless seller is notified by buyer, immediately upon receipt of shipment and such claim is allowed before shipment is unloaded." The balance of the same paragraph refers to liability for loss or damages in transit and demurrage. We find no difficulty in concluding that this provision has no application to claims that the provisions of the contract as to price have been incorrectly applied.

Defendant asserts that a number of other portions of the complaint are mere conclusions, not admitted by demurrer. Whether the challenged allegations are such conclusions or are surplusage or whether the material in the complaint could be rearranged into separate statements of several causes of action which would each meet the test of demurrer, we do not deem before us on this appeal. At least one cause of action having been stated, defendant's demurrer on that ground was correctly overruled.

The second question is raised by the asserted ground of demurrer, "That it appears from the amended complaint and the date at which it was allowed that a substantial part of the

[plaintiff's] claim is barred by the statutes of limitation." We assume that the ground of demurrer intended was that "the action was not commenced within the time limited by law." Sec. 263.06 (7), Stats. The summons and proof of service are not in the record, but the parties tell us in their briefs that the summons was served in "March of 1954." The earliest overcharge alleged was March 19, 1948. So far as the record shows, the action may have been commenced within six years after that date, but in any event it was commenced well within six years after the most of the overcharges are alleged to have occurred.

Defendant suggests that plaintiff may have been estopped, by accepting the benefits of the contract, from maintaining this action. It suffices to say that no such estoppel conclusively appears from the allegations of the amended complaint.

The order appealed from allowed defendant twenty days from its date within which to answer or otherwise plead to the amended complaint. This period should now run from the remittitur.

*By the Court.*—Order modified to allow defendant twenty days after the remittitur in which to answer or otherwise plead; as modified, the order is affirmed.