PURTELL, d/b/a EDWARD A. PURTELL COMPANY, and another, Plaintiffs and Respondents, v. TEHAN and wife, Defendants: HACK and another, Defendants and Appellants.

*January 7—February 1, 1966.*

[5] *Jankovich v. Arens* (1952), 262 Wis. 210, 215, 54 N. W. (2d) 909.

632

634

For the appellants there was a brief by *Levin & Levin,* attorneys, and *James S. Levin* of counsel, all of Milwaukee, and oral argument by *James S. Levin.*

For the respondents there was a brief by *Blumenthal, Herz & Scholl* and *Thomas G. A. Herz,* attorneys, and *Harold Harris* of counsel, all of Milwaukee, and oral argument by *Thomas G. A. Herz.*

CURRIE, C. J.   The issues on this appeal are:

(1) Is the allegation that "a listing contract" was entered into between Eugene Tehan and Purtell sufficient to permit such allegation to be construed as a valid real-estate broker's agreement which contains the provisions required by sec. 240.10, Stats.?

(2) If the allegation with respect to the listing contract is held to be sufficient, do the allegations of paragraph 9 of the complaint spell out a cause of action against the two appellants, Hack and Sampson?

(3) May the agent Hack be sued inasmuch as the complaint discloses that plaintiffs knew he was acting as agent for his principal Sampson?

(4) May the dismissal of the second cause of action be considered in passing on the issue of whether the demurrer should be sustained to the first cause of action?

*Allegations With Respect to Listing Contract.*

Respondents concede that the existence of a valid listing contract between Eugene Tehan and Purtell is an essential prerequisite to their complaint stating a cause of action against appellants Hack and Sampson. Sec. 240.10, Stats., provides:

"Every contract to pay a commission to a real estate agent or broker or to any other person for selling or buying real estate or negotiating lease therefor for a term or terms exceeding a period of three years shall be void unless such contract or note or memorandum thereof describing such real estate, expressing the price for which

the same may be sold or purchased, or terms of rental, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller or tenant, be in writing and be subscribed by the person agreeing to pay such commission."

Appellants contend that the complaint is fatally defective because it merely alleged, "That on the 16th day of May, 1960, the Defendant, Eugene Tehan, did enter into a certain listing contract with the Plaintiff, Edward A. Purtell, . . ."

This court has interpreted sec. 240.10, Stats., as an extension of the statute of frauds. In *Hale v. Kreisel* [1] is was said:

"This statute clearly expresses the legislative intent that there shall be no recovery for such services in the absence of such a written contract. This statute is an extension or enlargement of the statute of frauds. It is as valid an exercise of the police power as are any of the other provisions of the statute of frauds which require certain contracts to be in writing."

There is a conflict in the holdings of this court whether in pleading a contract which is subject to the statute of frauds it is essential to allege facts to establish that the contract does comply with the statute. The more recent cases hold that this is not necessary,[2] while the earlier cases held that it was.[3] Ordinarily, where there is a conflict in our past decisions, we prefer to adhere to the more recent cases. Furthermore, the more recent cases in this instance are in accord with the principle that a complaint, when challenged by demurrer, is to be given a liberal construction to permit all reasonable inferences

---

[1] (1927), 194 Wis. 271, 272, 215 N. W. 227. In accord is *Wozny v. Basack* (1963), 21 Wis. (2d) 86, 123 N. W. (2d) 513.

[2] *Black Eagle Oil Co. v. Globe Oil & Refining Co.* (1958), 3 Wis. (2d) 340, 88 N. W. (2d) 684; *Eiche v. Wallrabenstein* (1934), 215 Wis. 311, 254 N. W. 534.

[3] *Flatley Bros. Co. v. Beauregard* (1927), 192 Wis. 174, 212 N. W. 262; *Kaufer v. Stumpf* (1906), 129 Wis. 476, 109 N. W. 561.

to be drawn in favor of a finding that a cause of action has been stated.[4] Therefore, we determine that the allegation with respect to the listing contract is sufficient against demurrer.

Appellants rely upon *Raskin v. Hack* [5] which grew out of the sale by the Tehans to Hack as agent for Sampson of the same premises involved in this action. The contract at issue therein was not the instant listing contract, but rather the agreement for the sale of the premises which contained a provision for deduction from the purchase price of a $15,000 broker's commission. Furthermore, the complaint set forth the entire agreement relied upon and this court held that the provision for payment of the broker's commission did not comply with sec. 240.10, Stats. We fail to see how our holding in that case is material to the issue of the sufficiency of the instant complaint.

### *Allegations With Respect to Conspiracy to Induce Breach of Contract.*

Paragraph 9 of the complaint is set forth verbatim in the statement of facts portion of this opinion. Appellants assert in their brief, "The allegations of Paragraph 9 of the complaint that defendants conspired to defraud plaintiffs of their just commissions does not in itself establish actionable fraud." The fallacy of this contention lies in the fact that if the complaint states any cause of action against the two appellants it is good against demurrer.

While the complaint is not a model of good draftsmanship we construe it as alleging these facts: After the

---

[4] *Estate of Mayer* (1965), 26 Wis. (2d) 671, 675, 133 N. W. (2d) 322; *Schneider Fuel & Supply Co. v. Thomas H. Bentley & Son* (1965), 26 Wis. (2d) 549, 552, 133 N. W. (2d) 254; *Jezo v. Jezo* (1963), 19 Wis. (2d) 78, 82, 119 N. W. (2d) 471; *Christenson & Arndt, Inc., v. Wisconsin Telephone Co.* (1953), 264 Wis. 238, 243, 58 N. W. (2d) 682. Also see sec. 263.27, Stats.

[5] (1962), 16 Wis. (2d) 296, 114 N. W. (2d) 483.

listing contract was entered into, and while it was still in effect, plaintiffs found a purchaser, *i.e.*, Sampson acting through Hack, who was willing to purchase the listed premises upon the terms stated in the listing contract. However, in order that the Tehans would not have to pay a commission to plaintiffs, some additional conditions were imposed by the purchasers, Hack and Sampson, which the sellers Tehan would not agree to. Then, after the listing contract had expired, these conditions were withdrawn and the sale was made by the Tehans to Sampson. The defendants had conspired together in imposing the conditions which blocked the original sale, knowing at the time that they were later to be withdrawn.

The alleged facts, if true, clearly establish a cause of action in tort against the two appellants for inducing a breach of contract on the part of defendants Tehan. Therefore, it is not necessary to consider whether the allegations of the complaint are also sufficient to allege a conspiracy to defraud.

The essential elements of a cause of action for inducing a breach of contract are set forth in Restatement, 4 Torts, p. 49, sec. 766, as follows:

"Except as stated in Section 698, one who, without a privilege to do so, induces or otherwise purposely causes a third person not to
"(a)   perform a contract with another, or
"(b)   enter into or continue a business relation with another
is liable to the other for the harm caused thereby." [6]

The allegations of the complaint sufficiently allege acts on the part of the two appellants to induce the Tehans to breach the listing contract entered into with Purtell of which contract appellants had full knowledge.

### Holding Hack Liable as Well as Sampson.

Appellants contend that the complaint fails to state a cause of action against Hack inasmuch as it is clear

---

[6] Sec. 698 of Restatement, 3 Torts, covers contracts to marry.

from the allegations thereof that he was only acting as agent for Sampson. The only case cited in support of such contention involved an action on contract, not in tort. The general rule with respect to an agent's liability in tort to third persons is stated in Restatement, 2 Agency (2d), p. 105, sec. 343, as follows:

"An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal, except where he is exercising a privilege of the principal, or a privilege held by him for the protection of the principal's interests, or where the principal owes no duty or less than the normal duty of care to the person harmed." [7]

Under this rule it is immaterial that Hack was acting as Sampson's agent.

### Dismissal of Second Cause of Action.

Appellants' brief asserts, "This order dismissing the second cause of action on its merits in effect eradicated any claim by the plaintiff Purtell against the defendants Tehan for a brokerage commission." Apparently this statement is made on the hypothesis that this order dismissing plaintiffs' second cause of action is *res judicata* on the issue of the validity of the listing contract. This issue, however, cannot be raised by demurrer to the first cause of action, but must be pleaded by way of an affirmative defense in an answer to the complaint.[8]

*By the Court.*—Order affirmed.

GORDON, J., took no part.

---

[7] In accord: *Gunther v. Ullrich* (1892), 82 Wis. 222, 228, 52 N. W. 88; 3 Am. Jur. (2d), Agency, pp. 659, 660, sec. 300; 3 C. J. S., Agency, p. 129, sec. 220.

[8] *Lowe v. Laursen* (1930), 201 Wis. 309, 312, 313, 230 N. W. 75; *In re Kaldenberg's Estate* (Iowa 1964), 127 N. W. (2d) 649; *Thoman v. Ashley* (1964 Fla. App.), 170 So. (2d) 332; *Marshall v. Chapman's Estate* (1948), 31 Wash. (2d) 137, 195 Pac. (2d) 656; *McNunis v. Zukosky* (1955), 141 W. Va. 145, 89 S. E. (2d) 354.