BURNER and wife, Appellants, v. WILLE, Respondent.

*April 12—May 10, 1966.*

For the appellants there was a brief and oral argument by *Robert Zum Brunnen* of Spooner.

For the respondent there was a brief by *Cwayna & Novitzke* and *Don Paul Novitzke,* all of Amery, and oral argument by *Don Paul Novitzke.*

FAIRCHILD, J.   The Burners contend on this appeal that in a previous action between Jerry McShane, their predecessor in title, and Margaret Landgren, Wille's predecessor, it has been judicially determined that the Andrews line was the true boundary. They argue that the Andrews line has been recognized as the boundary for more than ten years. But for these facts, they concede that, under the evidence, the county court correctly chose the Olson line as reproducing the original government survey.

The Burners did not plead *res judicata* either in their complaint or reply to the counterclaim. They offered a certified copy of a transcript of a stipulation in *McShane v. Landgren,* but did not offer any other part of the record in that action.

With respect to the necessity of pleading *res judicata,* the general rule is that where a former judgment on the same cause of action is claimed to be a complete bar to a subsequent action, the former judgment must be pleaded by way of defense, but where the former judgment is

to be used merely as proof of a material fact or issue, it need not be pleaded.[1] Applying the distinction strictly, the Burners could probably, in this ejectment action, prove a former judgment determining the location of the boundary without having pleaded it.

But the Burners did not offer the record of the former judgment, and it is clear that this must be done even if the former action were in the same court.

"By the weight of authority, even where a judgment of the same court is pleaded as a bar or as conclusive on an issue, the existence and contents of the judgment must be proved by offering the record or a certified copy thereof in evidence."[2]

The Burners did offer a certified copy of a "stipulation in open court" in *McShane v. Landgren,* an action in the circuit court. This stipulation was apparently dictated into the record, and was dated November 7, 1949. The parties agreed to accept the Andrews line as the north line of lot 3, agreed to the removal of a building owned by Mrs. Landgren and encroaching on lot 3, and agreed to dismissal of the action upon its merits and without costs. There was no proof that Wille knew of this stipulation when he purchased lot 2 in 1953.

The Burners argue that the stipulation is a written instrument or judgment under secs. 330.06 and 330.07, Stats., and that they and their predecessors held up to the Andrews line thereunder for more than ten years, so as to acquire title by adverse possession under sec. 330.10. In view of the concession of the correctness of the finding that the area between the Andrews and Olson lines is part of lot 2, it is inconsistent to claim it by virtue of adverse

---

[1] *Lowe v. Laursen* (1930), 201 Wis. 309, 312, 230 N. W. 75; 30A Am. Jur., Judgments, p. 493, sec. 439. See also *Purtell v. Tehan* (1966), 29 Wis. (2d) 631, 639, 139 N. W. (2d) 655.

[2] 96 A. L. R. 945. See also 30A Am. Jur., Judgments, p. 501, sec. 456, and *McCormick v. Herndon* (1887), 67 Wis. 648, 652, 653, 31 N. W. 303.

possession, and claim, as the Burners have done in their pleadings and briefs, that they claim only lot 3. It is also dubious whether this stipulation is the type of instrument to which secs. 330.06 and 330.07 refer. But in any event, the Burners, who purchased lot 3 in July, 1959, have failed to prove any continuous ten-year period of adverse possession up to the Andrews line. Mr. Burner testified to the existence of a fence, apparently along the Andrews line, in 1959, but the fence had been cut, and Wille used a private road which passed through the openings. Mr. Wille testified that Mr. Coddington, who owned lot 3 from 1953 to 1959, put up the fence, and that at some point, Wille and Coddington had trouble over the boundary and agreed to have a survey at joint expense. The present action was begun August 20, 1960.

Plaintiffs Burner have not established any error in the court's refusal to consider the stipulation in the former action. The abstract of title to lot 3, in the record, indicates that the stipulation in *McShane v. Landgren* resulted in an order dismissing the action upon its merits; that such order was not recorded in the office of the register of deeds under sec. 235.43, Stats., as an order affecting the title to land and did not show on its face that a boundary line had been determined; that the notice of *lis pendens* filed in that action gave no notice that the action affected lot 2. The abstract of title to lot 2 did not reflect the former action in any way. Under all the circumstances we decline to exercise our discretionary power under sec. 251.09, in order to permit a further inquiry into the issue of *res judicata*.

*By the Court.*—Judgment affirmed.