RITTERBUSCH, Respondent, v. RITTERBUSCH and others, Appellants.

*No. 92.   Argued March 2, 1971.—Decided March 30, 1971.*
(Also reported in 184 N. W. 2d 865.)

634

For the appellants there was a brief by *Smith & Sarafiny* of Hartford, and oral argument by *George E. Smith.*

For the respondent there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Thomas O'Meara, Jr.*

ROBERT W. HANSEN, J. The sole question here is: Does the complaint state a cause of action against the defendants? At the demurrer stage, the facts alleged in the complaint are to be assumed to be true.[1] The fact that the plaintiff may have difficulty in proving such facts cannot be considered.[2] Only the legal premises are contested.[3] ". . . A complaint, when attacked by demurrer, should be liberally construed, and sustained if it expressly, or by reasonable inference, states any cause of action. . . ."[4]

Here the defendants, by demurring, raised and rely upon the statute of frauds (sec. 240.08, Stats.) as a defense. Overruling such demurrer, the trial court held that in pleading a contract which is subject to the statute of frauds it is not necessary to allege facts to establish that the contract does comply with the statute or is within its stated exceptions. If this interpretation of the law in this state is correct, other issues raised, ranging from the exact nature of the agreement between the parties to questions relating to the matter of partial performance, were and are not within reach at the demurrer stage. It is correct.

The trial court properly cited and correctly relied upon the *Purtell Case*,[5] in which this court stated:

"There is a conflict in the holdings of this court whether in pleading a contract which is subject to the statute of frauds it is essential to allege facts to establish that the contract does comply with the statute. The more

[1] *Volk v. McCormick* (1969), 41 Wis. 2d 654, 658, 165 N. W. 2d 185.

[2] *Christenson & Arndt, Inc. v. Wisconsin Telephone Co.* (1953), 264 Wis. 238, 243, 58 N. W. 2d 682.

[3] *Gottlieb v. Milwaukee* (1967), 33 Wis. 2d 408, 415, 147 N. W. 2d 633.

[4] *Bembinster v. Aero Auto Parts* (1959), 7 Wis. 2d 54, 57, 95 N. W. 2d 778.

[5] *Purtell v. Tehan* (1966), 29 Wis. 2d 631, 139 N. W. 2d 655.

recent cases hold that this is not necessary, while the earlier cases held that it was. Ordinarily, where there is a conflict in our past decisions, we prefer to adhere to the more recent cases. Furthermore, the more recent cases in this instance are in accord with the principle that a complaint, when challenged by demurrer, is to be given a liberal construction to permit all reasonable inferences to be drawn in favor of a finding that a cause of action has been stated. . . ." [6]

Of the oral agreement for lease and conveyance here, as with the listing contract involved in *Purtell*, it was sufficient to allege the existence of a contract, leaving the determination of its validity under the statute of frauds for proof at the trial. Unless the reasoning and result reached in *Purtell* is reversed, it controls. It is not reversed, and it requires affirmance of the trial court finding that ". . . the language in the complaint is sufficient to state a cause of action against the demurrer interposed by the defendants."

*By the Court.*—Order affirmed.

---

[6] *Id.* at pages 636, 637. The decision cites with approval *Eiche v. Wallrabenstein* (1934), 215 Wis. 311, 313, 254 N. W. 534, where this court stated: ". . . in pleading a contract which the statute of frauds requires to be in writing, it is not necessary to allege the facts relied on to take the case out of the statute. . . ." (Same language quoted with approval in *Black Eagle Oil Co. v. Globe Oil & Refining Co.* (1958), 3 Wis. 2d 340, 343, 88 N. W. 2d 684.)